### Richard Seymour v. Department of Employment Security

[340 A.2d 96]

No. 110-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed June 3, 1975

*V. Louise McCarren,* Vermont Legal Aid, Inc., Burlington, for Plaintiff.

*Raymond S. Fitzpatrick, Esq.,* Montpelier, for Defendant.

**Daley, J.** As a result of an audit, the Chief of Fraud and Overpayment for the Vermont Department of Employment

Security disqualified the claimant from unemployment compensation benefits for a period of four weeks based on his finding that the claimant had "intentionally misrepresented or failed to disclose" income he had received for the claim period ending April 21, 1973. The claimant appealed from this decision to the Chief Appeals Referee. After hearing the claimant's testimony, the Referee made findings of fact and conclusions of law which sustained the earlier decision. He then unsuccessfully appealed to the Vermont Employment Security Board. The claimant appeals here to contest the imposition of the four-week penalty period. The recoupment of the overpaid benefits, amounting to $77.00, is not at issue.

Claimant, a seasonal construction worker, had initially filed claims for unemployment compensation benefits beginning on November 27, 1972. These claims were made regularly through April 25, 1973. In the April 23, 1973 filing, under consideration here, the claimant answered the question, "Did you perform any work or earn any wages?", in the negative. On the claim card he certified that the information therein contained was true to the best of his knowledge and belief. The claimant had resumed his seasonal employment on April 17, 1973, and was paid $168.07 on April 27, 1973, for the work week ending on April 21. Upon actual receipt of his wages, he discontinued filing any further claims for unemployment benefits while he remained employed. The record shows that he habitually made claims and reported earned income conditioned upon the actual receipt of his wages.

Claimant based his appeal from the decision made by the Chief Referee to the Employment Security Board on the fact that, in the absence of a finding that the acts of the claimant were intentional and fraudulent, the penalty contained in 21 V.S.A. § 1347 (d) was inapplicable. He argued that § 1347 (a) was controlling since the requisite intent was not shown. Without hearing additional evidence, the Board found that, pertinent to this appeal, the imposition of the penalty period under § 1347 (d) was correct.

Claimant argues in this Court that the Board's decision as to the disqualification period was erroneous since the Board, without the benefit of a finding from the evidentiary hearing officer, created a conclusive presumption. The Board allegedly presumed that a negative answer to a printed form question

substantiated a conclusion of intentional nondisclosure. The claimant argues that this presumption is violative of due process.

■ The Court need not consider constitutional questions unless the disposition of the case requires it. *Marsh* v. *Department of Employment Security,* 133 Vt. 425, 340 A.2d 93 (1975). In this case, the Court is not required to look beyond the face of the statutes.

At the time of the claim filing, the relevant statute read as follows:

> [W]hen it is found by the commissioner that the person intentionally misrepresented or failed to disclose a material fact with respect to his claim for benefits . . . the person shall be disqualified and shall not be entitled to receive benefits to which he would otherwise be entitled . . . . 21 V.S.A. § 1347(d).

To come within the sanctions imposed by § 1347(d), an individual must intentionally fail to disclose a material fact relevant to his claim. No evidence has been shown to support a finding of intentional misrepresentation or a failure to disclose. It is clear that the claimant earned the sum of $168.07 for the week ending April 21, 1973, but there is no evidence demonstrating that he was in receipt of this money during this week.

■ In construing § 1347(d), reference should be made to the other statutes which make up the Unemployment Compensation Act. Section 1346 provided, in pertinent part:

> Every person making a claim shall certify that he has not, during the week with respect to which waiting period credits or benefits are claimed, *received wages or other remuneration* for any employment, whether subject to this chapter or not, otherwise than as specified in his claim. (Emphasis added.)

Read *in pari materia,* it is clear that the claimant seeking benefits is not subject to the penalty provision so long as he reported all received wages. The claimant in this case was in compliance with the statute as it was then written. The 1973

amendment of this statute changed it to read "benefits are claimed, *earned* or received wages or other remuneration . . . ." (Emphasis added.) Where the meaning of a statute is plain, the court is required to enforce the statute according to its terms. *State* v. *Santi,* 132 Vt. 615, 617, 326 A.2d 149 (1974). The Court will not exact a penalty where none is permitted under law.

The appellee has argued that the conclusions support the decision of the Vermont Employment Security Board. The Department asserts that the claimant, not being illiterate or incompetent, knew he was bound to declare all work performed and all income earned. The information booklet supplied to the claimant and the statements made by him on the claims record card allegedly lend credence to this view. We are not in accord with this theory. The Vermont Employment Security Board has made no finding as to whether or not the claimant was in possession of the information booklet. Irrespective of this fact, however, to enforce a statutory penalty, one must be in violation of a statute. The purported infringement of an administrative regulation contained in the information booklet which runs contrary to the then existing statute is not equivalent to a statutory infraction.

Because of the claimant's receipt of wages at a time other than during the week ending April 21, 1973, the determination of the Board ordering recoupment of the benefits received under 21 V.S.A. § 1347(a) is affirmed. Its determination that the claimant be disqualified from receiving benefits for a period of four weeks, being based upon a failure to disclose wages earned, is not supported in law and will be vacated. We cannot discern from the record whether he filed claims for benefits subsequent to the week ending April 21, 1973, so the cause will be remanded to the Board for a determination of the benefits to which the plaintiff is lawfully entitled.

*The determination of the Employment Security Board that the claimant is disqualified from receiving benefits for a four-week period is stricken, and the cause is remanded to the Board for a determination of the benefits to which the claimant is entitled.*