## State of Vermont v. James M. Duff

[394 A.2d 1145]

No. 55-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 3, 1978

*P. Scott McGee*, Lamoille County State's Attorney, Hyde Park, for Plaintiff.

*Gary D. McQuesten* of *Richard E. Davis Associates, Inc.*, Barre, for Defendant.

**Daley, J.** This is an interlocutory appeal, under V.R.A.P. 5(b), from a pretrial ruling of the district court granting the

defendant's motion to suppress the results of a chemical test for alcoholic content in the bloodstream. The following question, which the court found to be controlling, was submitted to us:

> Does an operator of a motor vehicle who is being processed by a law enforcement officer for suspected DWI and who has not requested the advice of an attorney have a constitutional right to be advised, prior to being requested to make a decision on submitting a sample of his breath or blood for chemical analysis, that he can (within the limitations expressed in 23 V.S.A. § 1202(b) and *State v. Welch*) consult an attorney?

The pertinent facts are not disputed. On May 13, 1977, the defendant was stopped by law enforcement officers who observed him operating a motor vehicle upon the public highway. Based upon their observation of the defendant's erratic driving and physical condition, the policemen asked him to furnish a breath sample. The defendant consented. He was not at any time advised of his right to speak with an attorney before making a decision about providing the sample, nor did he request one.

Laboratory analysis of the sample indicated that the defendant had a .14% blood alcohol content. He was subsequently charged with a violation of 23 V.S.A. § 1201(a) for operating a motor vehicle upon the public highway, while there was a .10% or more by weight of alcohol in his blood, as shown by chemical analysis.

The motion to suppress is based upon the failure of the police officer to inform the defendant of his right, under 23 V.S.A. § 1202(b), to consult with counsel before submitting to a chemical test.

The right to counsel is clear. The controlling statute, at the time the test was administered, reads as follows:

> A person who is requested by a law enforcement officer to submit to a chemical test under this section shall have the right to consult an attorney prior to deciding whether or not to submit to the chemical test.

23 V.S.A. § 1202(b). The State contends that, although the statute confers a right to counsel, law enforcement officers are not under any duty to inform drivers of that right. We disagree. However, we need not reach the constitutional dimensions of the certified question because we find in our statutory provisions governing right and access to counsel sufficient basis for our decision. *Seymour* v. *Department of Employment Security*, 133 Vt. 397, 399, 340 A.2d 96, 98 (1975); *State* v. *Elwell*, 131 Vt. 245, 246, 303 A.2d 134, 135 (1973).

13 V.S.A. § 5234 provides in part:

> (a) If a person who is being detained by a law enforcement officer without charge or judicial process [as was the case here], or . . . is not represented by an attorney under conditions in which a person having his own counsel would be entitled to be so represented, the law enforcement officer . . . shall: (1) Clearly inform him of the right of a person to be represented by an attorney and of a needy person to be presented at public expense . . . .

The statute has been construed only once. In *State* v. *Nicasio*, 136 Vt. 162, 385 A.2d 1096 (1978), we held that the statute requires the law enforcement officer to notify the appropriate public defender, without a prior determination of financial need, if the person has no attorney and does not effectively waive his right to one. Section 5234 and its application in *Nicasio* reflect the state's policy to secure for the person detained an immediate right to communicate with counsel concerning the impending proceedings against him.

We read 13 V.S.A. § 5234 *in pari materia* with 23 V.S.A. § 1202(b) to require that the person be informed of his right to consult with counsel before deciding whether to submit to a chemical test. The policy underlying § 5234 extends to the situation governed by § 1202(b). The taking of a chemical test involves detention of the person by a law enforcement officer as well as the making of a decision which may have ramifications in possible future criminal and civil proceedings. The results of the test, if taken and properly administered, are admissible into evidence in any resulting criminal prosecution. On the other hand, a refusal to take the test is also admissible into evidence in a criminal trial. 23

V.S.A. § 1205(a). Upon conviction, the defendant may be subject to a fine, imprisonment, or both. 23 V.S.A. § 1210. And a civil proceeding may result in license suspension. 23 V.S.A. § 1205.

Although § 1202(b) does not explicitly place upon a law enforcement officer the duty of informing a person of his right to consult an attorney before submitting to a chemical test, it must be interpreted in accordance with the nature of the right it affords. There is nothing ambiguous or obscure in its language. It specifically grants a right to consult an attorney before deciding whether to submit to a chemical test. And we find the statutory policy, as embodied in 13 V.S.A. § 5234 and 23 V.S.A. § 1202(b), to require law enforcement officers to assist in its implementation. Only so read can the right to consult an attorney be adequately safeguarded.

When a driver makes a complicated decision, without the option of consulting counsel as is his statutory right, he should not be bound by that decision, since he might with counsel have made it differently. Therefore, we have no hesitation in holding that the failure of law enforcement officers to advise the defendant of his right to counsel as provided in 23 V.S.A. § 1202(b) mandates a suppression of the results of the breath test.

We would note here that our holding in *State* v. *Welch*, 135 Vt. 316, 376 A.2d 351 (1977), concerning the right of a defendant to consult with available counsel before submitting to a chemical test, predated the statutory right in 23 V.S.A. § 1202(b).

For the reasons stated in this opinion, the motion to suppress was properly granted.

*Cause remanded.*