**State of Vermont v. Gina M. Gracey**

[436 A.2d 741]

No. 360-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed September 1, 1981

*Mark J. Keller,* Chittenden County State's Attorney, *Harold E. Eaton, Jr.,* Deputy State's Attorney, and *Jeffrey Cohen,* Law Clerk (On the Brief), Burlington, for Plaintiff.

*James L. Morse,* Defender General, and *William A. Nelson,* Appellate Defender, Montpelier, for Defendant.

**Billings, J.** The defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor. 23 V.S.A. § 1201(a)(2).

The defendant was arrested on suspicion that she was driving while intoxicated, and taken to police headquarters. The arresting officer asked her to take a breath test, and read to her from what is referred to as an Implied Consent Form. This explained that the defendant had the right to refuse to take the breath test, that she had the right to consult with an attorney before deciding whether or not to take the test, and that in any event she had to make a decision within thirty minutes of her first attempt to contact an attorney. The form did not state that a needy person could consult with an attorney at public expense.

The defendant said she did not want to speak with an attorney and agreed to take the breath test, although she refused to sign the Implied Consent Form. A few minutes later, but before the breath test was given, the officer read to the defendant what is called the Miranda Warning and Public Defender Rights Form. This included the following:

> Before we ask you any questions you have the right to talk to a lawyer and get his advice, and you have the right to have a lawyer here with you while we are questioning you.
>
> You have the same right to the advice and presence of a lawyer even if you cannot afford to hire one.
>
> If you cannot afford a lawyer and you want one, you have the right to be represented by an attorney at public expense.

The breath test was administered, and revealed a blood alcohol content of .23%. The defendant moved to suppress the results of the breath test on the grounds that she was not informed that she had the right to consult with an attorney at public expense before agreeing to take the breath test. This motion was denied. The parties stipulated to the facts, and the court entered a judgment of guilty. The defendant appeals from this judgment.

■■ 23 V.S.A. § 1202 (b) grants a person who is asked to take a breath test the right to consult with an attorney before making a decision. In *State* v. *Duff*, 136 Vt. 537, 394 A.2d 1145 (1978), we held that this statute must be construed *in pari materia* with 13 V.S.A. § 5234 of the public defender statute. This section provides in part:

(a) If a person who is being detained by a law enforcement officer without charge or judicial process, or who is charged with having committed or is being detained under a conviction of a serious crime, is not represented by an attorney under conditions in which a person having his own counsel would be entitled to be so represented, the law enforcement officer, magistrate, or court concerned shall:

(1) Clearly inform him of the right of a person to be represented by an attorney and of a needy person to be represented at public expense . . . .

We held in *Duff* that the rights granted by 13 V.S.A. § 5234 apply to the situation governed by 23 V.S.A. § 1202(b). *Id.* at 539, 394 A.2d at 1146. We concluded that a person asked to take a breath test must be informed of his right to consult with an attorney before making a decision. If these sections, construed *in pari materia*, require that the defendant be informed of this right, they must also require that he be informed that a needy person may consult with an attorney at public expense. These rights are contained in the same sentence of 13 V.S.A. § 5234, and if one applies to 23 V.S.A. § 1202(b), the other must also.

The State has not denied that this right exists, but argues that the statutory requirements were satisfied in this case. The State argues that the defendant's decision to take the breath test was not final until the test was actually given, and that the information contained in the Public Defender Form, which she did receive before the test was given, cured any defect in the Implied Consent Form.

We do not agree that the information in the Public Defender Form adequately informed the defendant of her right to consult with an attorney at public expense. The Public Defender Form stated that an attorney would be provided if the defendant wanted to speak with one before she was questioned or if she wanted to have one present during questioning. It did not state that she could consult with an attorney at public expense before deciding whether or not to take the breath test. There is no reason to believe that the defendant would have inferred this right from the Public

Defender Form. This is especially true here, where the officer read the Public Defender Form to the defendant about fifteen minutes after reading the Implied Consent Form, and after the defendant had already agreed to take the breath test. Even if the defendant had understood from the Public Defender Form that she could consult an attorney at public expense before deciding to take the breath test, she had already agreed to take the test and was not told that she could withdraw her consent. The results of the breath test should have been suppressed.

*Reversed and remanded.*