**STATE of Vermont v. Howard HAMM**

[599 A.2d 1048]

No. 91-031

September 18, 1991. Defendant was arrested for driving while under the influence of intoxicating liquor (DUI) in violation of 23 V.S.A. § 1201(a)(2). He refused to submit to an evidentiary breath test, consent for which is implied under 23 V.S.A. § 1202(a). Defendant received a notice of suspension of his operator's license under 23 V.S.A. § 1205(b), and then requested a district court hearing to contest the suspension, pursuant to 23 V.S.A. § 1205(c)(1). At the suspension hearing the district court found that defendant had not prevailed on any of the issues raised under 23 V.S.A. § 1205(f), and forwarded its findings and report to the commissioner of motor vehicles, as provided under 23 V.S.A. § 1205(g), who confirmed the suspension.

Defendant brings this appeal under 23 V.S.A. § 1205(i). The sole issue is whether a form used by the processing officer to record what he advised defendant and defendant's responses was deficient. The form did not indicate that defendant was advised at the time he was asked to take the breath test of his right to consult with an attorney *at public expense* before making the decision. He concedes the form did advise him of his right to consult an attorney, as required under 23 V.S.A. § 1202(c) and (d)(4).

We held in *State v. Duff*, 136 Vt. 537, 539, 394 A.2d 1145, 1146 (1978), that 23 V.S.A. § 1202(b) must be read in pari materia with 13 V.S.A. § 5234 of the public defender statute. And as we said in *State v. Gracey*, 140 Vt. 199, 201, 436 A.2d 741, 743 (1981), "a person asked to take a breath test must be informed of his right to consult with an attorney before making a decision" and must be "informed that a needy person may consult with an attorney at public expense." See also *State v. Garvey*, 157 Vt. 105, 107, 595 A.2d 267, 268 (1991) (notwithstanding defendant's financial status, public defender must be notified, unless waived or another attorney contacted, before defendant can be required to make a breath-test decision).

But missing from defendant's claim at his district court hearing or in his brief here is any assertion that the deficiency in the form had any bearing on his refusal to take the test. We assume the advice given defendant was no more expansive than what is contained in the form. However, defendant never contended that lack of advice about a free consultation with a lawyer was in any fashion connected with his refusal. For all we know, defendant's refusal could have been predicated upon reasons in no way related to a lack of consultation with a lawyer. The State has the burden to prove a refusal, and that burden does not shift to defendant. But defendant had the burden of production on the issue of prejudice, that is, he had to introduce some evidence that any deficiency in the advice he received was prejudicial. This he did not do.

*Affirmed.*

**Allen, C.J.,** concurring. I concur in the result only.

**Johnson, J.,** dissenting. I respectfully dissent. Previous decisions of this Court have interpreted 23 V.S.A. § 1202(d) and 13 V.S.A. § 5234 as placing an affirmative duty on the State to notify persons of their right to consult with a public defender before deciding to take a breath test when arrested on a suspicion of DUI. *State v. Gracey*, 140 Vt. 199, 201, 436 A.2d 741, 743 (1981); *State v. Duff*, 136 Vt. 537, 539, 394 A.2d 1145, 1146 (1978); see *State v. Garvey*, 157 Vt. 105, 595 A.2d 267 (1991). Section 1205(f)(2) provides that issues in a subsequent civil suspension hearing based on refusal to take a breath test include "whether at the time of the request for the evidentiary test the

officer informed the person of the person's rights . . . substantially as set out in subsection 1202(d)." Here defendant refused a lawyer and refused the test, but the State's affidavit at the civil suspension hearing did not show that defendant was informed of his right to consult a public defender before taking the test. Defendant moved to dismiss on the grounds that the State failed to show he was informed of his rights. The trial court refused to consider the issue, as beyond the scope of the hearing. This was error, and it should not be cured by holding that the burden was on the defendant to prove that "lack of advice about a free consultation with a lawyer was in any fashion connected with his refusal." Even if one were to adopt the majority's viewpoint that defendant had the burden to prove such a connection, which I do not, the trial court did not allow defendant any opportunity to make a showing.

It is true that, on the present record, we are not able to determine why defendant refused the test. But asking the defendant to prove, after the fact, that he would have made a different decision if the State had informed him of all of his rights simply invites a defendant to assert self-serving justifications whose veracity cannot, as a practical matter, be either confirmed or disproved. We do know that defendant refused the test knowing only half of his right to consult counsel. If the right to consult counsel at public expense before making a decision on a breath test is to be meaningful at all, the defendant must be fully apprised of that right. Because of the inherent difficulties of proving or disproving prejudice, the only practical way of administering the statute and ensuring that a defendant has an opportunity to exercise his rights is to require the State to prove, as part of its prima facie case, that defendant was substan-

tially informed of the rights this Court has determined to be essential. Since the State failed to show that defendant was so informed, his motion to dismiss should have been granted.

Motion for reargument denied November 5, 1991.

