## State of Vermont v. Bernard J. Lynaugh

[604 A.2d 785]

Nos. 91-030 and 91-159

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed January 17, 1992

*Robert M. Butterfield,* Caledonia County Deputy State's Attorney, St. Johnsbury, for Plaintiff-Appellant.

*Deborah T. Bucknam,* St. Johnsbury, for Defendant-Appellee.

**Morse, J.** Defendant was charged with driving under the influence (DUI) and obtained suppression of his breath test in the criminal case and a dismissal of the civil suspension proceeding. The trial court granted this relief because it found that the police had misled defendant about his right to counsel. The State took an interlocutory appeal from the suppression order and a direct appeal of the dismissal, both consolidated here. We reverse.

The facts are undisputed. During defendant's processing for DUI, an officer read to him a so-called "implied consent" form

which contained information on the right to talk with a lawyer before agreeing or refusing to take a breath test. Defendant declined to consult an attorney, and agreed to take the test which produced a result of .21 percent blood-alcohol content (BAC).

The implied consent form outlined the criminal and civil consequences for submitting to the breath test when the result reveals a BAC above the legal limit: "If the results of this test indicate that you are under the influence of alcohol or other drugs, you will be subject to Criminal Charges and your license or privilege to operate will be suspended for at least 90 days." This language is almost identical to the statute setting forth the information that a processing officer is obligated to convey to a person suspected of being under the influence. 23 V.S.A. § 1202(d)(3).

The first part of the sentence relates to criminal consequences, and the second relates to the recently enacted civil suspension law, which imposes a ninety-day license suspension following a determination that a defendant had a .10 BAC or higher at the time of operation. 23 V.S.A. § 1205(a).[1] Before enactment of the civil suspension law, a license in a case like this could be suspended only following a criminal conviction for DUI or a judicial determination that the processing officer had reasonably requested a test which the defendant refused.

The implied consent form, however, did not fully describe the procedural consequences when the operator *submits* to the breath test and the results show impairment. Section 1205(a) provides that the operator's license shall be summarily suspended upon affidavit of the law enforcement officer showing that there were reasonable grounds to believe the operator was

---

[1] The effective date of the version of 23 V.S.A. § 1205 that applies to this case was December 1, 1989. A 1991 amendment substituted "alcohol concentration of 0.08" for "BAC of .10." The applicable provision relating to the civil suspension reads as follows:

Upon affidavit of a law enforcement officer that the officer had reasonable grounds to believe that the person was operating, attempting to operate, or in actual physical control of a vehicle . . . and that the person submitted to a test and the test results indicated that there was 0.10 percent or more by weight of alcohol in the blood at the time of operating . . . the commissioner shall, unless the person requests a hearing, suspend the person's operating license . . . for a period of 90 days . . . .

under the influence and the test result indicated a BAC of .10 at the time of operation, unless the operator requests a hearing. The form did not contain this information. Instead, it explained that when the suspect *refuses* to submit to the test, the suspect is given the opportunity for a hearing to determine if the officer's request was reasonable. The trial court reasoned that the absence of this information affected defendant's decision to waive counsel. The court stated:

> One could logically, but incorrectly, infer that there was no . . . court procedure [similar to the one for refusing the test] when a sample is provided. Indeed, the wording of the form suggested that, when a sample is provided, any license suspension would be the result only of a criminal proceeding: "If the results of this test indicate that you are under the influence . . . , you will be subject to *Criminal Charges* and your license or privilege to operate will be suspended for at least 90 days".

The court concluded that the State failed to prove that defendant had made a knowing waiver of his right to consult counsel in deciding whether to take the test. The court, however, never concluded as a matter of fact that defendant did not actually make a knowing waiver of his right to counsel.

■ We hold that the form, as written, adequately apprised defendant of the civil consequences of submitting to a breath test. The absence of information on the opportunity for a hearing does not alter the effect of the information that defendant did receive. He was told that he risked a license suspension if the test result was adverse; he declined the assistance of counsel, and took the test. Defendant received all the advice required by § 1202(d), and we decline to require more.

■ We also conclude that defendant did not satisfy his burden of demonstrating prejudice arising from the reading of the implied consent form. See *State v. Hamm*, 157 Vt. 666, 667, 599 A.2d 1048, 1049 (1991) (DUI defendant has "the burden of production on the issue of prejudice . . . [and must] introduce some evidence that any deficiency in the advice . . . received was prejudicial"). Defendant presented no evidence that he was prejudiced by the receipt of incomplete information in making his decision to waive assistance of counsel before taking the test. In

fact, in his motion to suppress, defendant's counsel stated that a lawyer would have "likely advised him to take a blood test in order to protect his rights."

We agree that the decision whether to take a breath test should "not be lightly decided." *State v. Carmody*, 140 Vt. 631, 636, 442 A.2d 1292, 1295 (1982). The Legislature demonstrated its concern by providing for the right to counsel and for time for reflection. *Id.*; 23 V.S.A. § 1202(c). Nothing about this case, however, requires the officer to provide more complete information about the civil suspension process. In *State v. West*, 151 Vt. 140, 142, 557 A.2d 873, 875 (1988), we held that a DUI defendant's receipt of erroneous information was not a defense because the defendant's consultation with an attorney corrected the error. Our conclusion that there was no prejudice did not turn on the presence of the attorney, but on the absence of prejudice to the defendant. Because the defendant made no claim to having relied on the erroneous information, we were "unable to find that [he] suffered prejudice as a result of the officer's mistake." *Id.* The absence of prejudice in this case—in fact rather than theory—requires the same result.

Not only do we fail to see prejudice in fact in this case, we also fail to see a theoretical possibility of prejudice. In addition to the information about consequences for taking the test, defendant was told that if he refused to take the test, he faced potentially unpleasant repercussions:

> If you refuse to give a sample as evidence, the court will have a hearing to decide if my request is reasonable if you so request. If my request is found to be reasonable, your license, or privilege to drive shall be suspended for at least six months, depending on the number of previous convictions for DWI and/or refusals of this test. Your refusal may be introduced as evidence in a criminal proceeding.

Weighing the consequences for taking the test against those for refusing it, we do not see how defendant's decision would have been substantially altered such that prejudice would result. Defendant's BAC was over .10. A suspension of at least 90 days would follow whether defendant took the test or not, and the civil suspension would be credited toward any suspension imposed for a DUI conviction. See 23 V.S.A. § 1205(c). We therefore conclude that any connection between the form's failure to

mention the procedural consequences and defendant's submission to the breath test is tenuous at best.

To require more detail in informing suspects of the details of the DUI law would be overly burdensome not only for the law enforcement officer processing the suspect, but for the suspect as well. The implied consent form contains fifteen paragraphs beginning with a short sentence identifying the reader of the form and ending with a question about taking the test. In between are paragraphs explaining why the person is suspected of DUI, what the law authorizes the officer to do, the rights of the person with regard to an independent analysis or blood test, the consequences of taking or refusing a breath test, the right to a refusal hearing, the right to counsel, and a thirty-minute think-it-over period before the final test request is made. All of this information is required by statute. 23 V.S.A. § 1202(d).

■ Of course, a great deal of other information could be conveyed to the suspect, such as, the criminal penalties for DUI, the sanctions for DUI or a refusal to take a test depending on the number of infractions, what BAC and impairment means, and statutory presumptions and permissible inferences. A failure to impart all possible information, however, does not justify suppression or dismissal. See *State v. Lucarelli*, 157 Wis. 2d 724, 729, 460 N.W.2d 439, 441 (1990) (warning given to motorist, pursuant to implied consent law, that he would be "subject to penalties," was adequate because police were not statutorily required to warn of specific penalties flowing from driving while intoxicated conviction).[2]

*Reversed and remanded.*

**Johnson, J.,** concurring. I concur in the result because defendant was apprised of his rights under 23 V.S.A. § 1202(d).

---

[2] Defendant has raised a number of constitutional challenges to the civil suspension law which are inadequately briefed and, therefore, not considered.