## STATE of Vermont v. Donald KING

[624 A.2d 1144]

No. 92-326

■■■■■■■■■■■■■■■■

April 1, 1993. Defendant appeals from civil suspension of his license based on the district court's finding that he refused to take an infrared breath test. He argues that because the Department of Health had not yet promulgated regulations governing use of the Datamaster infrared device for which he refused to provide a sample, he did not refuse to submit to an "evidentiary test" and, therefore, did not violate the "implied consent" law. We affirm.

"Every person who operates . . . any vehicle on a highway in this state is deemed to have given consent to an *evidentiary* test of that person's breath for the purpose of determining the person's alcohol concentration . . . in the blood." 23 V.S.A. § 1202(a) (emphasis added). An "evidentiary test" is "a breath or blood test which indicates the person's alcohol concentration and which is *intended* to be introduced as evidence." 23 V.S.A. § 1200(3) (emphasis added).

The fact that several sections of Title 23 specifically refer to infrared devices leaves no doubt that the Datamaster test was meant to measure blood-alcohol concentration and was intended to provide samples to be introduced in evidence. See 23 V.S.A. §§ 1202(d)(5), 1203(c) and (d), 1203a(c). The failure of the Department of Health to promulgate regulations for analyzing infrared samples under 23 V.S.A. § 1203(d) does not suggest otherwise. Moreover, there is absolutely no nexus between defendant's refusal to provide a breath sample and the Health Department's failure to promulgate regulations regarding use of the infrared device. Defendant does not suggest that he refused to provide a sample because regulations concerning use of the device had not been promulgated. Cf. *State v. Hamm*, 157 Vt. 666, 667, 599 A.2d 1048, 1049 (1991) (defendant failed to show that his reason for refusing to provide a sample was related to his receipt of incomplete information regarding waiver of counsel).

*Affirmed.*