**STATE of Vermont v. David W. CAMERON, Gary Lafar, Harold St. Francis, David A. Bruyette, Jr., Robert Richard, Tammy St. Francis, Rose A. Richard, Todd A. Thomas, Richard St. Francis**

[658 A.2d 939]

Nos. 93-512, 94-008, 94-011, 94-012, 94-013, 94-028, 94-132, 94-134, 94-216

March 24, 1995. This case is a consolidation of appeals by nine defendants claiming membership in the Abenaki Tribe. Two challenges to the State's jurisdiction to prosecute defendants are raised. The first issue, whether the Abenaki Tribe enjoys "Indian Country" status as a "dependent Indian community," was not briefed on appeal, and it need not be addressed. See *State v. Towne*, 158 Vt. 607, 622, 615 A.2d 484, 492 (1992) (passing reference constitutes inadequate briefing); *State v. Lynaugh*, 158 Vt. 72, 76 n.2, 604 A.2d 785, 787 n.2 (1992) (declining to reach inadequately briefed issues in consolidated DUI cases).

Defendants' second argument challenges our holding in *State v. Elliott*, 159 Vt. 102, 616 A.2d 210 (1992), that Abenaki aboriginal rights were extinguished by 1791, when Vermont became the fourteenth state. *Id.* at 121, 616 A.2d at 221. Essentially, defendants argue that because *Elliott* was decided as a matter of historical fact, it has no preclusive effect on nonparties to that appeal. Defendants mischaracterize the legal effect of *Elliott*. Our holding in that case was made as a matter of law based on historical fact.

Consequently, under the doctrine of stare decisis, *Elliott* is precedent binding in general, not just binding on parties to the original case. See *Equal Employment Opportunity Comm'n v. Trabucco*, 791 F.2d 1, 2 (1st Cir. 1986) (stare decisis not narrowly confined to parties and privies, its broad impact reaches strangers to earlier litigation); *United States v. 177.51 Acres of Land*, 716 F.2d 78, 81 (1st Cir. 1983) (stare decisis invoked to prevent successive lawsuits by landowners not parties to original suit); see also 1B J. Moore, J. Lucas, and T. Corrier, Moore's Federal Practice ¶ 0.401 (2d ed. 1994) (impact of stare decisis reaches strangers to litigation).

Although defendants note that the *Elliott* decision has been criticized for relying on a "controversial interpretation of history," defendants have not raised issues of historical fact that cause us to doubt our interpretation or to overrule the decision. At the trial level, one defendant's "offer of proof" suggested that the area where the *Elliott* crimes occurred was not occupied by white settlers by 1791. This historical fact, even if we considered it to be true, would not diminish this Court's holding in *Elliott. Elliott* affects all lands within Vermont's boundaries. See *Elliott*, 159 Vt. at 119, 616 A.2d at 220 (Congress intended cession of Missisquoi territory up to latitude of forty-five degrees north).

*Affirmed.*