### STATE of Vermont v. Kenneth G. ROYA

[730 A.2d 600]

No. 97-471

April 8, 1999. State of Vermont appeals the November 11, 1997 order of the district court dismissing with prejudice the charges against defendant Kenneth Roya. We reverse.

The State charged that defendant operated a vehicle on a public highway while under the influence of an intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2) and refused a law enforcement officer's reasonable request for an evidentiary test when defendant had previously been convicted of DUI in violation of 23 V.S.A. § 1201(b). The judicial officer dismissed the charges with prejudice because she did not find an articulable suspicion for the stop and mandated that any future efforts by the State to charge defendant in this incident be brought before the same judicial officer.

This case is presented to us in a peculiar posture. The judicial officer dismissed the charges with prejudice at a hearing held pursuant to V.R.Cr.P. 5(c). Rule 5(c), entitled "Initial Determination of Probable Cause," provides in relevant part:

> If the defendant was arrested without a warrant . . . and the prosecution is upon information, the judicial officer shall determine . . . whether there is probable cause to believe that an offense has been committed and that the defendant has committed it. If the judicial officer does not find probable cause, he shall dismiss the information without prejudice and discharge the defendant. Upon conclusion of proceedings under this rule, the judicial officer shall file the indictment or information and affidavit or sworn statement in the superior court or territorial unit of the District Court having jurisdiction of the offense.

V.R.Cr.P. 5(c) (emphasis added).

The most obvious feature of Rule 5(c) pertaining to this case is its limited purpose: to determine "whether there is probable cause to believe that an offense has been committed and that the defendant committed it." *Id.* If probable cause is found, the information is filed and the criminal court process begins. See *id.* If it is not, then the information is dismissed without prejudice, and the defendant is discharged. See *id.*

The judicial officer may only dismiss the information, and not the case, at the 5(c) hearing. There is in fact no case to be dismissed at this point because the information is not even filed (and thus the criminal court process has not begun) until after there has been a finding of probable cause. Additionally, the rule explicitly states that the information may only be dismissed *without prejudice.* The State remains free to attempt to meet the initial probable cause requirement by the submission of additional information. The judicial officer's decision in the instant case therefore contravenes the plain language of the rule. The judicial officer also lacks the authority to limit the choice of judges before which future charges may be brought.

*Reversed to allow for refiling.*