STATE of Vermont v. Heath WRIGHT, Randall Longway, Erin Rhoda Rutkowski, Raymond Randall Domina and Shawn Bushey

[740 A.2d 347]

Nos. 98-509, 98-510, 98-527, 98-544 & 98-570

April 8, 1999. The State appeals the district court's decisions in these consolidated interlocutory appeals suppressing defendants' breath test results. The court ruled that under 23 V.S.A. § 1203a·suppression was required where the officer failed to inform a DUI suspect that an independent chemical test would be paid for by the defender general if not paid for by the suspect. We reverse.

Defendants Heath Wright, Randall Longway, Erin Rutkowski, Raymond Domina, and Shawn Bushey each filed a motion to suppress their breath test result. In DUI processing, the law enforcement officers read the implied consent rights to defendants as required under 23 V.S.A. § 1202(d)(4) and advised defendants of the right to an independent test administered at defendants' expense by an independent facility. All but one of the defendants indicated that they did not wish an additional test.

The sole issue on appeal arises from 23 V.S.A. § 1203a, which states:

(a) A person tested has the right *at the person's own expense* to have someone of the person's own choosing administer a chemical test . . . . The failure or inability to obtain an additional test or tests by a person shall not preclude the admission in evidence of the test taken at the direction of an enforcement officer unless the additional test was prevented or denied by the enforcement officer.

. . . .

(e) The person requesting the sample is *responsible for the costs* of transportation, drawing the sample and subsequent analysis. *If the facility where the sample is drawn is unable to obtain payment from the person at the time the sample is drawn or within a reasonable time thereafter, the facility shall be entitled to reimbursement from the office of the defender general. The office of the defender general may recoup these costs and the court may impose conditions of release or probation for that purpose.*

(Emphasis added.) In addition, 23 V.S.A. § 1202(d)(4) provides: "The person also has the right to have additional tests made by someone of the person's own choosing *at the person's own expense.*" (Emphasis added.)

The plain language of 23 V.S.A. §§ 1202(d)(4) and 1203a indicates the Legislature's intent to provide a mechanism for additional tests, but only at the expense of the person being tested. Under § 1203a(e), the testing facility may receive payment from the defender general if the suspect does not pay. In turn, the defender general may try to recoup the payment from the suspect. See 23 V.S.A. § 1203a(e) (providing that court may facilitate recoupment by imposing conditions on defendant).

We conclude that the law enforcement officer was not obligated to inform defendants more fully of the details of the statutory · scheme. Defendants received all the information required under 23 V.S.A. § 1203a(e), and we decline to require more. See *State v. Lynaugh*, 158 Vt. 72, 76, 604 A.2d 785, 787 (1992) (mere failure to impart all conceivable information to a motorist in DUI context does not justify suppression).

This case is distinguishable from *State v. Madonna*, 169 Vt. 98, 101, 726 A.2d 498, 500 (1999) (holding that motorist's right to contact counsel is afforded "special sensitivity" and therefore information must be imparted to motorist regarding right to contact counsel regardless of motorist's financial position). There, we determined that the Legislature had demonstrated its concern for the right to counsel by providing motorists with a statutory right to consult an attorney prior to deciding whether to take a test. See 23 V.S.A. § 1202(g) (providing statewide twenty-four-hour coverage through defender general's office to assure adequate legal services are available to motorists). Here, the Legislature merely provided to medical facilities a mechanism to facilitate payment for their services, not to shift the ultimate responsibility for payment from DUI suspects to the defender general.

*Reversed and remanded.*