### STATE of Vermont v. Kenneth G. ROYA

[807 A.2d 371]

No. 00-100

June 12, 2002. Defendant Kenneth G. Roya appeals from a conviction of driving under the influence of intoxicating liquor (DUI). He claims the standard form used by police during the DUI processing misinformed him of his right to consult an attorney before deciding to submit to a breath test, and, on this basis alone, seeks reversal of his conviction and suppression of the breath test evidence. He further argues that he should not be required to prove that he was prejudiced by the misinformation in order to obtain this result. We affirm.

Defendant was arrested on suspicion of DUI, taken to the police station for processing, and was asked to submit to a breath test. Pursuant to a form in use at the time, designed to advise motorists of their right to consult with an attorney prior to deciding whether to submit to a breath test, defendant was told: "You have the right to talk with a lawyer before deciding whether or not to submit to a test. If you cannot afford a lawyer and want one, a Public Defender will be contacted for you, at the State's expense."

Indicating that he understood his rights, defendant chose not to consult an attorney, and declined to take the test. A year and a half later he was charged with

452

DUI.* During that period, this Court held in *State v. Madonna*, 169 Vt. 98, 102, 726 A.2d 498, 501 (1999), that the form used to advise Roya and other DUI defendants of their right to consult an attorney before submitting to a breath test failed to adequately advise defendants of their right to contact a public defender regardless of their financial position. In *Madonna* we found that, because the form implied by omission that the option to consult an attorney, regardless of one's financial position, did not exist, a motorist could not "reasonably be expected to infer that he or she has a right to contact a public defender regardless of financial position." *Id.*

After charges were filed against him, defendant was assigned counsel and moved to suppress evidence of his refusal to take the breath test as a product of a "*Madonna* violation" — that he was not told that he had "the right to speak with a public defender whether or not he could afford a lawyer." Defendant did not claim he could afford an attorney, however, nor did he claim that he would have submitted to a breath test had he spoken to the on-call attorney. Indeed he responded affirmatively when the court asked if he agreed with the statement that he was "not prejudiced by receiving the incomplete information because [he] had just been processed for DWI some 30 days prior — [he] had talked to a lawyer, [he] realized that a public defender was available . . . and that based on [his] income [he] would have known that the public defender was available." The sole basis asserted by defendant for suppression is the misinformation included in the form.

Whether the trial court erred in concluding that defendant was required to

---

* The district court dismissed an earlier charge with prejudice. The State appealed, and this Court reversed to allow for a refiling. See *State v. Roya*, 169 Vt. 572, 572, 730 A.2d 600, 601 (1999) (mem.).

demonstrate prejudice is a question of law which we review de novo. See *State v. Pollander*, 167 Vt. 301, 304, 706 A.2d 1359, 1360 (1997). Defendant relies on several cases where we held that giving incorrect advice, or failing to give advice at all, regarding a suspect's right to counsel warrants suppression of the subsequent breath test. In *State v. Duff*, 136 Vt. 537, 540, 394 A.2d 1145, 1146 (1978), we found that police have a duty to inform drivers processed for DUI and held that "failure of law enforcement officers to advise the defendant of his right to counsel . . . mandates a suppression of the results of the breath test." In *State v. Gracey*, 140 Vt. 199, 201, 436 A.2d 741, 743 (1981), we expounded on our holding in *Duff* and found that in addition to the requirement that defendants be informed of their right to consult an attorney, they must also be informed "that a needy person may consult with an attorney at public expense" before deciding whether to submit to a breath test. These cases made no suggestion that suspects must show they were misled or prejudiced by the misinformation. "When a driver makes a complicated decision, without the option of consulting counsel as is his statutory right, he should not be bound by that decision, since he might with counsel have made it differently." *Duff*, 136 Vt. at 540, 394 A.2d at 1146. We do not believe, however, that *Duff* and *Gracey* go far enough to support defendant's proposition that he need not show he was prejudiced by the misinformation as the issue of prejudice was not raised in either of these cases.

In relying on *Duff* and *Gracey*, defendant dismisses as anomalous our more recent cases requiring a DUI defendant show prejudice under these circumstances. In *State v. West*, 151 Vt. 140, 142, 557 A.2d 873, 875 (1988), we noted that "[a]s a general rule, error does not require reversal unless it is prejudicial to the defendant." In *West*, we rejected defendant's claim that the results of the

breath test should have been suppressed, finding that although the defendant was given erroneous misinformation prior to taking the test, there was no prejudice to defendant because he was aware of the correct information. *Id.* We further found that "[t]he burden of proving prejudicial error rests with the defendant." *Id.* In *State v. Hamm*, 157 Vt. 666, 599 A.2d 1048 (1991) (mem.), we took note of the fact that missing from defendant's claim before the lower court, or in his brief, was any assertion that the deficiency in the form had any bearing on his refusal to take the test, and held that the defendant had the burden of production on the issue of prejudice. *Id.* at 667, 599 A.2d at 1048-49. There, we held that defendant has to "introduce some evidence that any deficiency in the advice he received was prejudicial." *Id.* at 667, 599 A.2d at 1049. In *State v. Lynaugh*, 158 Vt. 72, 74, 604 A.2d 785, 786 (1992), we held that misinformation about the right to counsel did not warrant suppression of a breath test result where "[d]efendant presented no evidence that he was prejudiced by the receipt of incomplete information in making his decision to waive assistance of counsel before taking the test."

Requiring DUI defendants to show they were prejudiced by the misinformation is consistent with our prior precedent. To sustain a burden of production on the issue of prejudice under these circumstances defendant must show the deficiency in the form has some bearing on the refusal to take the test or that his decision would have been different if he had been correctly advised. See *Hamm*, 157 Vt. at 667, 599 A.2d at 1049. In this case, defendant made a decision not to submit to a breath test knowing that he was eligible for a public defender and entitled to speak with an attorney before making the decision. Defendant had been processed for DUI only one month before, and had invoked his right to consult with an attorney. At that time, he did, in fact, receive the advice of a public de-

fender before deciding not to submit to a breath test. Moreover, the defendant had previously been approved to receive public defender services in connection with another DUI charge. The misinformation we found erroneous in *Madonna* impinged on the rights of a person who was not eligible for public defender services — someone who could afford an attorney. Defendant has made no showing that there was any causal connection between the misinformation in the form and his refusal to take the test. Failure to claim or demonstrate some minimal level of prejudice prevents suppression of the breath test in this case.

In the alternative, defendant argues that if we are going to engage in a case-by-case inquiry into whether or not the defendant was prejudiced by the misinformation, the burden should be on the State to show, by clear and convincing evidence, that the misinformation did not induce the waiver and there was no prejudice. This issue was not raised before the trial court. We, therefore, decline to address this issue on appeal. See *State v. Devine*, 168 Vt. 566, 568-69, 719 A.2d 861, 864 (1998) (declining to address claim which was not raised before the trial court).

*Affirmed.*

**Johnson, J.,** dissenting. In *State v. Madonna*, 169 Vt. 98, 726 A.2d 498 (1999), we unanimously held that failure to advise a DUI suspect that his right to counsel included the right to speak to a public defender, regardless of his income, was a violation of the statutory right to consult counsel before taking a breath test. See 23 V.S.A. § 1202(c). The defendant in *Madonna* was not required to prove prejudice as a result of the misadvice, and we affirmed the dismissal of the civil suspension because incomplete advice had been given. Here, in a criminal prosecution, defendant sought to suppress his refusal to take a breath test on the grounds of the *Madonna* violation.

The majority holds that the *Madonna* violation is meaningless unless defendant can show he was prejudiced by the violation. Because I believe this holding undervalues the statutory right to counsel in these circumstances, and gives police officers no incentive to give the statutorily mandated advice, I respectfully dissent.

The decision in *Madonna* relied on prior cases in which we have held that law enforcement officers in DUI stops play a critical role in the implementation of the statutory right to counsel. See *Pfeil v. Rutland District Court*, 147 Vt. 305, 309-10, 515 A.2d 1052, 1055-56 (1986) (lack of meaningful opportunity to consult with counsel prevents finding of voluntary refusal in civil proceedings); *State v. Gracey*, 140 Vt. 199, 201, 436 A.2d 741, 743 (1981) (form read to DUI suspect must state that a needy person can consult with an attorney at public expense); *State v. Duff*, 136 Vt. 537, 540, 394 A.2d 1145, 1146-47 (1978). As we noted in *Duff*, the only way the right is safeguarded is if the DUI suspect learns the extent of the right from the police officer during processing. 136 Vt. at 540, 394 A.2d at 1146. We have not required DUI suspects to discern this for themselves.

Moreover, for the reasons I stated in my dissenting opinion in *State v. Hamm*, 157 Vt. 666, 667, 599 A.2d 1048, 1049 (1991) (mem.), requiring defendants to prove that they would have made a different decision following consultation with counsel on refusal invites self-serving testimony that is not probative on the issue of prejudice, and as defendant argues, is wholly inconsistent with an intelligent, informed waiver of rights. Therefore, I respectfully dissent.