*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-379

APRIL TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Chittenden Unit, |
| | } | Criminal Division |
| | } | |
| Brittain D. Shorter | } | DOCKET NO. 1612-5-10 Cncr |

Trial Judge: M. Patricia Zimmerman

In the above-entitled cause, the Clerk will enter:

Defendant appeals a conviction of driving under the influence of intoxicating liquor (DUI). Defendant argues that the court erred in denying his motion to suppress. We affirm.

The following facts are not disputed. On April 22, 2010, a South Burlington Police Officer processed defendant on suspicion of DUI. The officer used a standard DUI processing form, and reviewed the items listed therein, including the following phrase:

> If you submit to an evidentiary test, you have the right to have additional tests administered at your own expense by someone of your own choosing. The results will be sent only to you or your lawyer. At this time, I am also providing you with a list of facilities in this area that are available to you for drawing a sample of your blood.

The officer did not, however, provide a list of facilities to defendant. Defendant declined when the officer asked if defendant intended to obtain an independent test. Defendant consulted with his attorney and then provided a breath sample. Based on the results, defendant was charged with DUI.

Defendant filed a motion to suppress arguing that the officer's failure to provide a list of locations for drawing blood violated the DUI statute and required suppression of the breath test. The court held a hearing on the matter and rendered a ruling on the record. The court concluded that since defendant indicated that he did not want to obtain an additional test, there was no reason for the officer to provide defendant with a list of facilities where he could obtain one. The court denied the motion to suppress. Defendant entered a conditional guilty plea and now appeals denial of the motion to suppress.

On appeal, defendant reiterates his argument that law enforcement's failure to inform him of the location of one or more facilities available for drawing blood violated 23 V.S.A. § 1202(d)(4) and requires suppression of the breath test result. On appeal from denial of a motion to suppress, we give deference to the court's findings of fact, State v. Pratt, 2007 VT 68,

¶ 4, 182 Vt. 165, but review the legal conclusions de novo. State v. Lawrence, 2003 VT 68, ¶ 8, 175 Vt. 600 (mem.). The parties do not dispute the facts, and the sole issue in this appeal is a question of law.

Under § 1202(d), before law enforcement administer an evidentiary breath test, a person is to be provided with certain information, including that the person has "the right to have additional tests made by someone of the person's own choosing at the person's own expense. The person shall also be informed of the location of one or more facilities available for drawing blood." § 1202(d)(4). The failure of law enforcement to properly inform defendant of his rights prior to administering a breath test requires suppression of the result only if the omission is prejudicial to the defendant. State v. West, 151 Vt. 140, 142 (1988). Defendant has the burden of production on the issue of prejudice. State v. Hamm, 157 Vt. 666, 667 (1991) (mem.). He must demonstrate that the deficiency "ha[d] some bearing on the refusal to take the test or that his decision would have been different if he had been correctly advised." State v. Roya, 174 Vt. 451, 453 (2002) (mem.).

We conclude that defendant has failed to demonstrate any prejudice. At the time of the testing, defendant indicated to law enforcement that he did not wish to obtain additional testing. Given this expressed intent not to seek additional testing, defendant was not prejudiced by the lack of information on where to obtain such testing. On appeal, defendant claims he was prejudiced because if he had known there was a facility open and close to his home, he may have decided to seek additional testing or to refuse the test. Defendant offered no evidence at the suppression hearing to support this theory. Thus, his argument is speculation, and insufficient to meet his burden of proof. See Roya, 174 Vt. at 453 (requiring defendant to demonstrate a "causal connection" between misinformation and refusal). Given the lack of prejudice and the absence of any "deliberate deprivation of statutory rights" by the State, State v. Vezina, 2004 VT 62, ¶ 8, 177 Vt. 488, 491 (mem.) (rejecting defendant's argument that officer's inability to provide second test required suppression of first breath test in part because there was no evidence the State was attempting to benefit from a violation of the law), there are no grounds to suppress the results of defendant's breath test.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

2