VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.       23-AP-054



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

AUGUST TERM,   2023

State of Vermont v. Ernest J. Muir, Jr.*　　}　APPEALED FROM:
　　　　　　　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　　　　　}　Superior Court, Bennington Unit,
　　　　　　　　　　　　　　　　　　　　}　Criminal Division
　　　　　　　　　　　　　　　　　　　　}　CASE NO. 21-CS-00506
　　　　　　　　　　　　　　　　　　　　　　Trial Judge: Kerry Ann McDonald-Cady

In the above-entitled cause, the Clerk will enter:

Defendant appeals the civil suspension of his driver's license by the criminal division of the superior court.  We affirm.

The trial court made the following findings in its final order.  In July 2021, defendant was arrested for driving under the influence (DUI) after he crashed his car into some tree branches on the side of a public highway in Winhall, Vermont.  Defendant was transported to the local police department, where an officer advised him of his Miranda rights.  The officer then informed defendant of his rights under the implied-consent law, reading from a DUI affidavit form.  The officer was briefly interrupted when the police chief came into the room.  As a result, the officer skipped over the section of the form stating, "In addition, if you submit to an evidentiary test administered with infrared device, following your receipt of the results of that test, you have the right to a second evidentiary test administered by me using the infrared device."  The officer informed defendant of all other provisions in the implied consent law as set forth in the DUI affidavit form.

After speaking to an attorney, defendant agreed to submit to an evidentiary breath test.  The officer placed the mouthpiece on the breath tube for the testing device and then handed it to defendant.  Defendant took the breath tube and placed his lips on the mouthpiece.  After two unsuccessful tries, defendant provided an adequate breath sample.  The result showed that defendant's blood alcohol content was .182%.  Both the officer and the police chief asked defendant multiple times if he wanted to take a second test, and he declined.

The State issued a notice of intent to suspend defendant's driver's license, which he timely contested.  The criminal division held a final civil suspension hearing in December 2022 at which defendant argued that the statutory requirements for civil suspension had not been met.  Defendant submitted a video of the processing at the police department, which the trial court viewed at the hearing.

In a written decision entered after the hearing, the court found that the police officer made an error when he skipped over the provision informing defendant of his right to take a second evidentiary test. The court found that the officer did not act in bad faith and was simply distracted by the police chief's entry into the room. The court found that the error did not cause prejudice to defendant, as there was no evidence that defendant would have refused to undergo the first test if he had been told that he could take a second one, and because both the officer and the chief of police told defendant that he could take a second test after he received the results of the first test. Accordingly, the court concluded that the officer substantially complied with the requirements of the implied-consent law. The court rejected defendant's argument that the breath test was not valid or reliable because the officer did not hold the breath tube during delivery of the breath sample. It therefore entered judgment for the State.

The civil-suspension statute authorizes the court to consider "[w]hether at the time of the request for the evidentiary test the officer informed the person of the person's rights and the consequences of taking and refusing the test substantially as set out in subsection 1202(d) of this title," "whether the testing methods used were valid and reliable, and whether the test results were accurate and accurately evaluated." 23 V.S.A. § 1205(h)(1)(B), (D). The court's determinations of these questions are factual findings that we review for clear error. State v. Spooner, 2012 VT 90, ¶ 11, 192 Vt. 465. Similarly, the trial court's determination of whether defendant demonstrated prejudice is a factual finding that we will not disturb unless clearly erroneous. See State v. Reynolds, 2014 VT 16, ¶ 9, 196 Vt. 113 (applying clear-error standard to trial court's factual findings of prejudice in context of speedy-trial motion).

On appeal, defendant first argues that the court erred in failing to suppress his breath-test result because the processing officer failed to inform him of his right to "elect to have a second infrared test administered immediately after receiving the results of the first test," as required by 23 V.S.A. § 1202(d)(5). Defendant claims that the officer's error made his consent to the test involuntary.

"As a general rule, error does not require reversal unless it is prejudicial to the defendant." State v. West, 151 Vt. 140, 142 (1988). "The burden of proving prejudicial error rests with the defendant." Id.; see also State v. Hamm, 157 Vt. 666, 667 (1991) (mem.) (stating that defendant challenging civil suspension on basis that officer failed to inform him of right to attorney at public expense "had the burden of production on the issue of prejudice, that is, he had to introduce some evidence that any deficiency in the advice he received was prejudicial"). To meet his burden, defendant had to show that the error affected his decision to take the test "or that his decision would have been different if he had been correctly advised." State v. Roya, 174 Vt. 451, 453 (2002).

The trial court found that defendant was not prejudiced by the officer's error, and its finding is not clearly erroneous. The record shows that defendant spoke to an attorney before submitting to the evidentiary test. He was offered a second test immediately after receiving the results of the first test. Defendant offered no evidence that the officer's failure to inform him of his right to take a second test affected his decision to take the first test, or that he would have refused to take the first test if he had received that information beforehand. Furthermore, there was no evidence that the officer was attempting to evade the implied-consent law. See State v. Vezina, 2004 VT 62, ¶ 8, 177 Vt. 488 (mem.) (rejecting defendant's argument that officer's inability to provide second test required suppression of first breath test in part because there was no evidence State was attempting to benefit from violation of law). Unlike in the superior-court suppression decisions cited by defendant, the officer did not mischaracterize what would happen

2

to defendant if he refused to take the test. We therefore reject defendant's claim that the officer's error "cloud[ed] the otherwise voluntary nature of the decision." State v. Carmody, 140 Vt. 631, 636 (1982).

Defendant contends in his brief that the officer's error violated his right to due process under Article 11 of the Vermont Constitution. Defendant did not raise this argument before the trial court in the first instance, and therefore did not preserve it for our review. See State v. Hinchliffe, 2009 VT 111, ¶ 31, 186 Vt. 487 ("Even when the defendant asserts a violation of constitutional rights, failure to promptly raise the issue before the trial court results in a waiver." (quotation omitted)).

Defendant also claims that the civil-suspension order must be reversed because the evidence showed that the breath-test result was not valid or reliable. Under 23 V.S.A. § 1205(h)(1)(D), "[e]vidence that the test was taken and evaluated in compliance with rules adopted by the Department of Public Safety shall be prima facie evidence that the testing methods used were valid and reliable and that the test results are accurate and were accurately evaluated." To rebut this statutory presumption, "defendant must present evidence to show that the reliability and validity of the testing methods and the accuracy of the test results is not true in defendant's particular case." State v. Burnett, 2013 VT 113, ¶ 23, 195 Vt. 277 (quotation omitted).

The Vermont Criminal Justice Training Council Infrared Breath Testing Device Student Manual states that "[t]he test operator should hold the breath tube during delivery of the breath sample." Defendant argues that because the evidence showed that he held the breath tube, the result cannot be considered accurate or reliable. We conclude that this was not sufficient to rebut the statutory presumption of validity. The manual uses the term "should," indicating that the direction is suggestive rather than mandatory. See Dukowitz v. Hannon Sec. Servs., 841 N.W.2d 147, 156 (Minn. 2014) (stating that "[t]he use of the word "should" in a rule or a statute is not mandatory," and citing cases). Defendant has therefore failed to show that the officer failed to comply with the operating procedures. He has presented no other evidence indicating that allowing him to hold the breath tube affected the accuracy or reliability of the test. We therefore decline to reverse on this basis.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice