### State of Vermont v. Antonio Conti

[315 A.2d 261]

No. 9-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 5, 1974

*Robert W. Gagnon,* State's Attorney, and *Robert M. Paolini,* Deputy State's Attorney, for the State.

*Henry R. Vanetti, Esq.,* of Richard E. Davis Associates, Barre, for Defendant.

**Smith, J.** The defendant, Antonio Conti, of Barre, was charged with operating a motor vehicle while under the influence of intoxicating liquor on the public highway on September 7, 1970. Jury trial was held in District Court of Vermont, Unit 5, Washington Circuit, resulting in a verdict of guilty on October 1, 1971. From such verdict, and the consequent judgment, the defendant has appealed here.

Evidence was produced by the state that the defendant gave the appearance of being under the influence of intoxicating liquor to the arresting officers, that he had a half empty glass containing an amber fluid on the floor of his car, and that a quantity of liquor was found in the trunk of his car. The trial below was a hotly contested proceeding, with counsel for the defendant concentrating much of his attack upon the evidence of the state relating to the accuracy of a breath

test administered to the defendant by the police officers under 23 V.S.A. § 1202, to which test the defendant voluntarily consented.

Only one question is presented by the brief of the defendant in this Court. In the words of the defendant the question is:

> Did the trial court permit prejudicial error by permitting the State's Attorney to introduce evidence that the respondent failed to request the perchlorate tube sample of his breath to which he was entitled by law for independent testing and later compounded said error by permitting the State's Attorney to argue this point in final argument, all with the net effect of shifting the burden of proof from the state to the respondent?

Particularly involved in the question presented here is an interpretation of 23 V.S.A. § 1203 (a), in part:

> A sufficient amount of blood, breath, urine or saliva, as the case may be, shall be taken to enable the person, at his option, to have made an independent analysis of the sample, and shall be held for 60 days unless sooner collected by the respondent for purposes of permitting an independent analysis. (Amended by No. 79 of the Public Acts of 1973.)

The independent sample of breath held for the defendant was retained in what is described as a perchlorate tube.

While the purpose and policy of 23 V.S.A. § 1203 (a) was not set forth by this Court until the case of *State* v. *McSheffrey*, 131 Vt. 329, 306 A.2d 702 (1973), the purpose of the statute was the same in 1971 as at the time of the *McSheffrey* decision.

> The purpose and policy of the statute is to protect the defendant and not to manufacture evidence in favor of the state. Nor does it impose an obligation on the defendant to testify what he did concerning a sample obtained by him. And no inference may be drawn against the defendant by the court, prosecutor or jury if he does pick up his sample.

*State* v. *McSheffrey, supra,* 306 A.2d at 706.

We hold that it necessarily follows that no inference can be drawn against the defendant if he does not pick up the sample which the statute says shall be retained for his benefit.

The first question relating to the perchlorate tube which was objected to by the defendant came during the testimony of Trooper Edward Fish. The state inquired "Do you know what he could have done with it?" The reference was to what the defendant might have done with the perchlorate tube if he had picked it up. The court sustained the question over the objection of the defendant. Although it would appear that the answer to the question was not given, possibly because of the interchange of remarks between both counsel and the court, the allowance of the question was in error. The obvious purpose of the question was to disclose that the defendant, if he had picked up the sample retained for his optional use, could have had an independent analysis made to dispute the evidence of the state. But, as has been before stated, the purpose of the statute is to protect the defendant, and not to produce evidence in favor of the state.

Just before the state rested, the State's Attorney requested permission to recall Trooper Fish to the stand for one further question. The question proposed was whether the defendant had picked up the perchlorate tube before the time for its retention had expired under the statute. Over the vociferous objection of counsel for the defendant, the lower court permitted the question to be asked and answered. The answer was that the tube had not been picked up and had been discarded at the end of the statutory period.

The lower court was in error in allowing the question, as being improper and prejudicial. It could well have led to an inference on the part of the jury that if the defendant were sincere in his objections to the accuracy of the breath test, he could have picked up the sample for an independent analysis. It can hardly be doubted that the purpose of the question was to make evidence in support of the state. Certainly it was not asked for the benefit of the defendant.

Both counsel and the State's Attorney argued before the jury on the fact that the defendant did not pick up the

perchlorate tube. Although it appears from the record that both arguments included improper comment relative to the defendant not having picked up the perchlorate tube, such arguments were the inevitable consequence of the admission of the evidence regarding the defendant not picking up the breath sample held for his use. It was also inevitable that the combination of the inadmissible evidence on the defendant's use, or non-use, of the breath sample, combined with the arguments of counsel on the subject, accentuated the importance of such evidence in the deliberations of the jury.

It is the claim of the state that any prejudice that might have resulted from the improper admission of this evidence in the case was cured by the instruction of the court to the jury:

> There has been some talk about the test. The law provides, in Section 1203 of Title 23, that a sufficient amount of blood, breath or urine, as the case may be, shall be taken to enable the person, at his option, to have made an independent analysis of the sample, and shall be held for sixty days unless sooner collected by the Respondent for purposes of permitting an independent analysis, and that if it is requested, such information regarding the test shall be made available to the Respondent or his attorney. The Statute says "at his option" which means he may ask for it or he may not. The fact he has not asked for it should not be held against him.

The defendant did not object to this instruction, although under *State* v. *Morrill*, 127 Vt. 506, 253 A.2d 142 (1969), such objection should ordinarily be made if the question is to be preserved. However, when there is glaring error in the trial, with an inadequacy that strikes at the very heart of a defendant's constitutional rights we may consider such inadequacy, although no objection was made. *State* v. *Morrill, supra,* 127 Vt. at 511.

The instruction of the court again placed before the jury the very statute which we have held is to protect the defendant, but which was introduced through the evidence of the state. If the court was by means of this instruction

saying that it was removing from consideration the evidence which it had improperly admitted, it should have made it unmistakenly clear to the jury that the evidence on whether or not the defendant picked up the perchlorate tube was not admissible, and that it should be disregarded, and not taken into consideration in determining his guilt or innocence. *State v. Homer*, 86 N.J. Super. 351, 206 A.2d 905, 911 (1965). This it did not do.

The question here is not whether the evidence that the defendant had not picked up the perchlorate tube sample should be held against him. The question presented is whether any evidence should be allowed to be introduced by the state on the defendant's use, or non-use, of a statutory right which was provided only for his protection.

Permitting the state to question witnesses on whether or not the defendant had exercised a privilege granted by the statute only for his own protection allowed the state to bring in evidence which could only be in its favor. Such evidence, followed by the consequent arguments, and not cured by the instructions of the court could only serve to prejudice the right of a fair trial which was his constitutional right.

*Reversed and remanded.*