## State of Vermont v. Joseph Fournier

[340 A.2d 71]

No. 234-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed June 3, 1975

*Francis X. Murray, Esq.,* Chittenden County State's Attorney and *Maureen Dewan,* Deputy State's Attorney, Burlington, for the State.

*L. John Cain, Esq.,* Burlington, for Defendant.

**Keyser, J.** On September 13, 1974, Joseph Fournier was arraigned in district court on an information charging him with operating a motor vehicle while there was .10 per cent or more by weight of alcohol in his blood in violation of 23 V.S.A.

§ 1201(a)(1); the information also alleged that this was his fourth offense. A plea of not guilty was entered and the case was continued until September 17, at which time the court, over defendant's objection, ordered a jury to be drawn for trial. Defendant's counsel indicated that pretrial discovery was necessary and that he wished to take advantage of the statutory provision which affords defendants the opportunity to have an independent breath sample analysis conducted. 23 V.S.A. § 1203(a).

The case was continued until October 2. At that time, defendant's counsel moved for a further continuance on the grounds that 23 V.S.A. § 1203(a) allowed a defendant thirty days from his arraignment within which to have the independent analysis conducted and that a trial held before that period had elapsed constituted a denial of a statutory right. This motion was denied, the lower court ruling that defendant had been afforded adequate time to have his analysis done and that he had waived his right to that evidence. The case then proceeded to trial over defendant's objection that he had not been afforded adequate time to prepare his defense. Defendant was convicted after jury trial, and this appeal was subsequently filed under a stipulation limiting our review to those proceedings which preceded the actual impanelment of the jury.

Defendant's first contention, which we find dispositive, is that the court below committed prejudicial error in forcing him to trial before the thirty-day time period of 23 V.S.A. § 1203(a) had been allowed to run. That statute provides, in pertinent part:

> A sufficient amount of breath or blood, as the case may be, shall be taken to enable the person, at his option, to have made an independent analysis of the sample, and shall be held for no more than 30 days from the date the sample was taken or the date of arraignment, whichever occurs later. *Any time within that period,* the respondent may direct that the sample be sent to an independent laboratory of his choosing for an independent analysis. (Emphasis added.)

As this Court has clearly stated, the purpose and policy of this statute is to protect the defendant. *State* v. *Conti,* 132 Vt.

83, 315 A.2d 261 (1974); *State* v. *McSheffrey,* 131 Vt. 329, 306 A.2d 702 (1973). In permitting the defendant to go to trial before an independent analysis had been conducted and before the thirty-day time period had elapsed, the lower court acted in contravention of both the purpose and the clear language of the statute. Nor do we agree with the conclusion that a waiver was established, for defendant consistently conveyed to the court his intention to have the test conducted. Absent an express waiver, he was entitled to the thirty days which the statute allows. It is manifest, in view of the nature of the alleged offense, that the denial of this statutory right constituted prejudicial error.

Defendant also argues that it was error for the State to allege in its information prior convictions which occurred more than three years from the date of the current alleged offense. This contention is premised upon a faulty interpretation of 23 V.S.A. § 1208(b), which provides for a six-year license suspension "[u]pon a second conviction within three years of a first conviction, or for a third or subsequent conviction . . . ." This language plainly indicates that the three-year time limitation applies only to a second conviction and not, as defendant maintains, to third or subsequent convictions.

*Reversed and remanded.*