### State of Vermont v. William Normandy

[465 A.2d 1358]

No. 382-81

Present: Hill, Underwood, Peck and Gibson, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed September 6, 1983

*Deborah O. Frankel,* Chittenden County Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, *William A. Nelson,* Appellate Defender, *Nancy E. Kaufman,* Acting Appellate Defender, and *Alan Rosenfeld,* Law Clerk (On the Brief), Montpelier, for Defendant-Appellant.

**Gibson, J.** Defendant appeals from a conviction after trial by jury of driving under the influence of intoxicating liquor (DUI) in violation of 23 V.S.A. § 1201(a)(2). He received a suspended sentence of 30 to 90 days and was ordered to pay a $190 fine. The sentence was thereafter stayed pending appeal to this Court. We reverse.

Defendant bases his appeal on two related claims. He argues first that the prejudicial effect of inadmissible testimony elicited during the prosecution's case-in-chief, which revealed the existence of a third breath sample, was not cured by the court's cautionary instruction at the close of the evidence. Secondly, defendant claims that he was denied the procedural protections guaranteed by the implied consent laws, 23 V.S.A. § 1202.

The significant facts leading to defendant's arrest and subsequent conviction are the subject of a stipulation. It is agreed that at approximately 3:00 a.m. on March 1, 1981, defendant was stopped by an officer of the Burlington Police Department

and shortly thereafter taken to headquarters for DUI processing. Upon arrival at headquarters, defendant was read his *Miranda* rights and one of the two alternate paragraphs on the "Sample Request Form," as follows: "Since you are not going to jail, you have to make your own arrangements [to have a blood test]." However, after further processing, the police decided to lodge defendant overnight in jail. The paragraph on the form which was not read provides: "Since I am taking you to jail, you must tell me at this time if you want a blood test so I can make arrangements." In addition, the parties stipulated as follows: "The Defendant would have requested that the officer make arrangements for a blood sample to be taken if he had been so informed. The Defendant did not request that a blood sample be taken."

We review first defendant's claim that reference to a "third sample" of his breath by the State was reversible error. The State presented only two witnesses: first, the police officer who stopped and eventually processed defendant for DUI, and second, the chemist who analyzed two breath samples taken from defendant. Near the beginning of his testimony, the officer described the circumstances leading to his decision to stop defendant. After mentioning his preliminary testing, the officer told of driving defendant to headquarters for further processing. He testified that he read defendant "the complete D.W.I. procedure, both the *Miranda* and the Implied Consent Form requesting that [defendant] give a breath sample." The state's attorney then asked what an implied consent form was, and the officer responded that it informs defendant of his statutory obligation "to give the police officer a sample of his breath for testing purposes, and a sample will be held for independent analysis at his request."

Defendant immediately objected to the reference to a sample for defendant's use, and at the ensuing bench conference, asked for a mistrial. The court declined to rule on the motion and allowed the direct examination by the State to proceed. During the remainder of the State's evidence, several other references were made to the chemical analysis of defendant's breath to the point where it was clear that only two samples were tested. No further explanation was provided regarding the whereabouts of the sample taken for defendant's independent testing. At the close of the evidence, defendant re-

newed his mistrial motion and the court denied it, but retroactively sustained the objection to the above-quoted testimony. To effect a cure, the court gave a limiting instruction, although defendant insisted that a cure was no longer possible and that a mistrial was now inevitable. The instruction repeated the testimony about a third sample, taken for defendant's benefit and held for independent analysis, and cautioned the jury to disregard completely "the existence or nonexistence" of such a sample, as defendant was under no obligation to introduce evidence concerning it.

While the trial court's caution to the jury was substantively correct, see *State* v. *McSheffrey*, 131 Vt. 329, 336, 306 A.2d 702, 706 (1973), it would have been more appropriate if given immediately. At the close of the evidence, repetition of prejudicial and inadmissible information may in fact only emphasize such error in the minds of the jury. For this reason, a strongly worded and prompt admonition is preferred, and in appropriate cases, will cure the need for a mistrial. Lacking such action here, we are constrained to reverse defendant's conviction.

This Court has consistently held that the independent sample provision of 23 V.S.A. § 1203(a) is solely to provide defendant with the ability to verify the results obtained by the state police chemists, and reference to the existence of an independent alcohol level sample is generally an error requiring reversal. See, e.g., *State* v. *Stockwell*, 142 Vt. 232, 235–37, 453 A.2d 1120, 1123 (1982) (although not necessarily glaring error, upon proper objection, such admission requires reversal); *State* v. *Raymond*, 139 Vt. 464, 467–68, 431 A.2d 453, 455 (1981) (whether defendant exercised statutory right to independent sample analysis is of no concern to the jury, who may neither speculate nor draw inferences from defendant's action or inaction). Accord *State* v. *Garvey*, 133 Vt. 29, 32–34, 329 A.2d 662, 664 (1974); *State* v. *Conti*, 132 Vt. 83, 87–88, 315 A.2d 261, 263–64 (1974); *State* v. *McSheffrey, supra*, 131 Vt. at 336, 306 A.2d at 706.

Although the State on appeal attempts to highlight factual distinctions in the above-cited authority, nothing in its argument suggests a contrary legislative intent which would

mitigate against this Court's analysis of the function of the implied consent statute. Thus, we have no occasion to depart from the well-established rule that, upon proper objection and lacking appropriate curative measures, testimony revealing the existence of another breath sample which may be in defendant's possession is error requiring reversal.

Although our resolution of the first issue alone disposes of this case, we briefly review defendant's second claimed error to assist the trial court on remand. *State v. Carmody*, 140 Vt. 631, 637, 442 A.2d 1292, 1295 (1982). Defendant claims that the results of the State's chemical analysis should have been suppressed because he was never informed that the police were obligated to make the arrangements for an independent test on defendant's behalf. The State, in response, points to the "plain meaning" of 23 V.S.A. § 1202(c), which provides that when the police take the suspect into custody, they "shall make arrangements for administration of the blood test *upon demand.*" (Emphasis added.) When defendant makes "no demand," the State argues that the statute does not require the officer to go through the "futile gestures" of making arrangements for such a test. Although futile gestures indeed are not required, here the State has stipulated that defendant would have requested a sample had he been so informed of his right. We fail to see the futility in light of such a dispositive stipulation.

Defendants are not held to have waived rights they do not know of; although the record appears unclear on this point, the stipulation resolves all doubt. Having decided to lodge defendant overnight at the police station, the officers were required to read the appropriate paragraph on the implied consent form, which explicitly tells a defendant that assertion of the right to an independent sample is a prerequisite to the existence of that right. We do not hold defendant to possess that knowledge independently. Cf. *State v. Duff*, 136 Vt. 537, 540, 394 A.2d 1145, 1146 (1978) (failure of police officer to advise defendant of right to counsel, also guaranteed by 23 V.S.A. § 1202, requires suppression of the breath test). We therefore hold that defendant's motion to suppress the breath test results should have been granted.

*Reversed and remanded for new trial.*