### State of Vermont v. Charles G. Karmen

[554 A.2d 670]

No. 86-170

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed November 18, 1988

*Mark T. Cameron, Windsor County Deputy State's Attorney,* White River Junction, for Plaintiff-Appellee.

*William E. Kraham,* Brattleboro, for Defendant-Appellant.

**Gibson, J.** Defendant appeals his conviction after jury trial of driving while under the influence of intoxicating liquor (DUI), in violation of 23 V.S.A. § 1201(a)(2). The sole issue is whether the trial court erred in admitting the result of his breath test into evidence. We find that it did, and reverse.

Defendant was arrested shortly before midnight on September 25, 1985 and transported in handcuffs to the Springfield Police Department for processing. At police headquarters, defendant, on advice of counsel, submitted to a breath test, which was performed at 12:38 a.m. on September 26th.

Defendant was advised by the police that he would be released on citation as soon as a friend could come and pick him up. He was also advised that he had the right to have an independent blood test at his own expense, but since he was not being detained, he would have to make the necessary arrangements himself. Almost two hours passed, however, before defendant's

brother-in-law came and picked him up. Meanwhile, because of his unruly behavior, defendant was handcuffed and chained to a bar in a locked room.

On leaving the police station, defendant did not ask his relative to take him to a hospital for a blood test, nor did he otherwise go on his own. He later stated that he thought it would have been too late for a blood test to be taken.

In a pretrial motion to suppress the result of the breath test, the court found that defendant was detained in custody after administration of the evidentiary test, giving rise to a statutory obligation under 23 V.S.A. § 1202(c) for the police to make arrangements for the administration of a blood test upon demand.* The court nonetheless denied the motion on the grounds that defendant had failed to make an unequivocal demand for one.

On appeal, defendant argues that it was error for the court to admit his breath test. Defendant also urges three other grounds for reversal, which we do not reach since the first issue is dispositive of the appeal.

This Court has previously examined the obligation of the police to arrange for an independant blood test under 23 V.S.A. § 1202(c). In *State* v. *Normandy*, 143 Vt. 383, 465 A.2d 1358 (1983), the police informed the defendant of his right to such a test, as follows: "Since you are not going to jail, you have to make your own arrangements [to have a blood test]." The defendant was not read the alternative paragraph, which states: "Since I am taking you to jail, you must tell me at this time if you want a blood test so I can make arrangements." Subsequently, after administering a breath test, the police decided to lodge the defendant overnight but neglected to inform him of their obligation to make arrangements for a blood test on his behalf. Finding that defendants cannot be expected to possess independent knowledge of such rights, we held in *Normandy* that because the police had detained the defendant in custody, they were "required to read the appropri-

---

* 23 V.S.A. § 1202(c) states in pertinent part:
    If the person submits to an evidentiary test, he shall have also the right to have a blood test administered at his expense. Arrangements for the blood test shall be made by the person submitting to the evidentiary breath test . . . except where the person is detained in custody after administration of the evidentiary test, in which case the law enforcement officers having custody of the person shall make arrangements for administration of the blood test upon demand.

ate paragraph on the implied consent form, which explicitly tells a defendant that assertion of the right to an independent sample is a prerequisite to the existence of that right." *Id.* at 387, 465 A.2d at 1360. Because they failed to do so, we held that the defendant's motion to suppress the result of the breath test should have been granted.

In the instant case, the trial court found that defendant had been "detained in custody" by the police after administration of the breath test. Nevertheless, the court concluded that because defendant made no unequivocal demand for a blood test, the police were under no obligation to arrange one. Once the court found that defendant continued to be detained in police custody, however, our holding in *Normandy* mandates that defendant should have been advised of the State's obligation to arrange for an independent blood test upon demand. Despite its detention finding, the court put the burden on defendant to make an "unequivocal" demand to exercise his rights. *Normandy* is clear that this approach is impermissible, in that "[d]efendants are not held to have waived rights they do not know of . . . ." *Id.* The motion to suppress the results of the breath test should have been granted.

*Reversed and remanded.*