**Bradley A. MacLEOD, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–7730.**

Court of Appeals of Alaska.

Aug. 17, 2001.

Eugene B. Cyrus, Eagle River, for Appellant.

Leslie N. Dickson, Assistant District Attorney, Susan Parkes, District Attorney, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

### OPINION

MANNHEIMER, Judge.

In the early morning of January 1, 2000, Alaska State Trooper Sergeant Lee Oly arrested eighteen-year-old Bradley A. MacLeod for driving while intoxicated. MacLeod submitted to a breath test, which showed that his blood alcohol level was .165 percent.

Because MacLeod was only eighteen years old, Sergeant Oly telephoned MacLeod's mother, Kim Campbell, and asked her to come to the trooper station so that MacLeod could be released to her custody.

Campbell arrived at the station at about the same time that Oly was telling MacLeod about his right to an independent blood test. After Oly informed Campbell of the result of her son's breath test, Campbell asked Oly a series of questions concerning the independent blood test. Oly initially told Campbell that he could not give her legal or medical advice about the blood test. But because Campbell seemed distraught and uncertain as to what to do, Oly took pity on her. He

turned off his tape recorder and, in confidence, he told Campbell that, in his experience, if a blood test and a breath test are administered contemporaneously, the blood test reading will be higher.

After receiving this information from Oly, Campbell conferred with her son. Based on his mother's advice, MacLeod chose not to take the blood test.

MacLeod was convicted of DWI at a bench trial. He now appeals his conviction, arguing that Sergeant Oly unlawfully dissuaded him from exercising his right to an independent blood test.

Although Sergeant Oly apparently acted in good faith and was only trying to help MacLeod, we hold that the officer exceeded his proper role when he dissuaded MacLeod from exercising an arrestee's right to an independent blood test. We therefore conclude that MacLeod's breath test result must be suppressed.

■ Under the due process clause of the Alaska Constitution, a person arrested for driving while intoxicated is entitled to police assistance in obtaining an independent test to ascertain the level of alcohol in the arrestee's blood.[1] If the State interferes with an arrestee's right to an independent chemical test, the arrestee is entitled to suppression of their breath test result.[2]

We have previously ruled that "interference" is not limited to physical obstruction of the test, but can also occur when the police verbally dissuade the arrestee from seeking the test. In *Lau v. State*[3], a corrections officer who was a friend of Lau's advised him not to ask for an independent blood test; the officer warned Lau that the test result would "nail [him]".[4] Based on this advice, Lau chose not to seek a blood test. We ruled that Lau's breath test result should be suppressed because the officer dissuaded Lau from exercising his rights.[5] We reached this conclusion even though it appeared that the

officer acted in good faith—*i.e.*, in the honest belief that Lau's interests would be best served by declining the blood test.[6] We further ruled that the State should be held accountable for the results of the officer's advice; we noted that "[the officer] was in a position [to dissuade Lau from taking the test] solely because he was a government officer having custody of Lau".[7]

■ In MacLeod's case, the State argues that Sergeant Oly only informed Campbell of his professional experience with the blood test and never expressly told Campbell that her son should refuse the blood test. This argument is unconvincing. Oly's words and conduct clearly amounted to "advice". When Campbell first asked Oly whether her son should take the blood test, Oly responded that he was barred from offering her advice on that topic. He then turned off his tape recorder and told Campbell, in confidence, that the blood test reading would likely be higher than the breath test reading. A reasonable person in Campbell's position would conclude that Oly "went off-record" in order to give her the kind of advice that he had just explained he should not give.

We do not accuse Sergeant Oly of dishonesty or of trying to manipulate MacLeod's choice in order to strengthen the State's case. The record strongly suggests that Oly was honestly trying to help Campbell and MacLeod, and that he turned the tape recorder off because he suspected that his advice to them might be inconsistent with the aim of obtaining the best evidence against MacLeod. Further, the record suggests that Oly's advice was accurate. Even MacLeod's attorney agreed that, in his experience, blood test readings tend to be higher than breath test readings.

But we reiterate our holding in *Lau*: a government officer having custody of a motorist arrested for DWI should not attempt to dissuade the motorist from invoking their

1. *See Snyder v. State*, 930 P.2d 1274, 1277 (Alaska 1996); *Gundersen v. Anchorage*, 792 P.2d 673, 675–76 (Alaska 1990).

2. *See Ward v. State*, 758 P.2d 87, 89–91 (Alaska 1988); *Lau v. State*, 896 P.2d 825, 828 (Alaska App.1995).

3. 896 P.2d 825 (Alaska App.1995).

4. *Id.* at 827.

5. *See id.* at 828.

6. *See id.*

7. *Id.*

right to an independent blood test. This prophylactic rule admittedly penalizes even the well-intentioned advice that Oly gave to Campbell in this case. But the rule is necessary to prevent mischief in a recurring situation that is fraught with the potential for governmental overreaching.

MacLeod was convicted at a bench trial. Normally, when a defendant is tried without a jury and we later conclude that some of the government's evidence should have been suppressed, we would vacate the defendant's conviction and direct the trial judge to reassess the defendant's guilt or innocence without reference to the suppressed evidence. But in MacLeod's case, it appears that the bench trial was a "slow plea"—a procedure designed to allow MacLeod to preserve an appellate issue that was not disposi-

tive for purposes of *Cooksey v. State.*[8] After the district court denied MacLeod's suppression motion, not only did MacLeod waive his right to a jury, but he also agreed to be tried on stipulated facts.

Under these circumstances, we conclude that MacLeod should be given a choice: either to consent to a second bench trial, or to rescind his waiver of jury trial and be tried by jury.

MacLeod's conviction for driving while intoxicated is REVERSED, and this case is remanded to the district court for further proceedings on the complaint.

**8.** 524 P.2d 1251, 1255–57 (Alaska 1974) (allowing a defendant to plead no contest but at the same time preserve a dispositive issue for appeal).