**STATE of Vermont v. Dennis C. BENOIR**

[819 A.2d 699]

No. 02-098

¶ 1. December 19, 2002. Defendant Dennis Benoir appeals the denial of his motion to dismiss the DUI second charge against him and to suppress an evidentiary breath test. Defendant contends that the evidentiary breath test should have been suppressed because he failed to receive an independent blood test due to an inability to pay, and thus his right to an independent blood test at the state's expense, conferred upon him by 23 V.S.A. § 1203a(a), (d), the Public Defender Act, the Due Process Clause of the Fourteenth Amendment, and Chapter I, Article 10 of the Vermont Constitution was violated. We affirm.

¶ 2. The facts are not in dispute. On April 6, 2001, a state trooper stopped defendant's vehicle on Route 107, based on a report from a concerned citizen of a vehicle being driven in an erratic manner. The trooper processed defendant for DUI at the state police barracks in Bethel, during which time defendant provided an evidentiary sample of his breath. The trooper then advised defendant of his right to obtain a sample of his blood for independent testing and provided him with a test kit for that purpose. Defendant was also given a list of medical facilities that would provide independent blood-drawing services. He was then released on citation to appear in court.

¶ 3. Defendant then went to Gifford Memorial Hospital in Randolph and requested that an independent blood sample be drawn using the kit the trooper had supplied. He was advised by the attending nurse that he would need to pay $50 in cash or by credit card in order to have his blood drawn by the hospital. Defendant was unable to provide the $50 or a credit card, and the hospital refused to draw his blood. Defendant eventually left the hospital without having his blood drawn. He did not attempt to have his blood drawn at any other medical facility.

¶ 4. Defendant was subsequently charged with DUI third, the State later amending the charge to DUI second. After defendant's motion to dismiss and to suppress the evidentiary breath test was denied, he pled guilty to DUI second, the plea conditioned upon the results of his appeal of the denial of his motion. Defendant was sentenced to twelve to twenty-four months, all suspended except for fifteen days on work crew, and he subsequently brought this appeal.

¶ 5. On appeal, defendant argues that his right to an independent blood test at state expense, provided him by 23 V.S.A. § 1203a(a), (d), the Public Defender Act, the Due Process Clause of the Fourteenth Amendment, and Chapter I, Article 10 of the Vermont Constitution was violated, requiring exclusion of the evidentiary blood test.

¶ 6. First, we find that Vermont's statutory scheme does not provide a DUI suspect with the right to an independent blood test at the state's expense. Vermont's DUI statute, 23 V.S.A. §§ 1200-1220a, gives a person suspected of DUI the right to obtain an independent blood sample to challenge the State's evidentiary test. See 23 V.S.A. § 1203a(a). The statute is clear and specific, however, as to who bears the ultimate financial responsibility for such a test: the test is obtained "at the person's own expense,"

*id.,* and the person seeking the test "is responsible for the costs of transportation, drawing the sample and subsequent analysis." *Id.* § 1203a(e); see also *State v. Wright,* 169 Vt. 573, 573, 740 A.2d 347, 348 (1999) (mem.) (plain language of statute indicates that suspect bears financial responsibility for testing). It is only when the facility where the sample is drawn is unable to obtain payment from the person seeking a test that the defender general becomes responsible for the costs. 23 V.S.A. § 1203a(e). Even then, the defender general may attempt to recoup those costs from the suspect. *Id.* (court may facilitate recoupment by imposing conditions of release or probation on defendant).

¶ 7. The statute is also specific as to the consequences of a person's failure or inability to obtain an independent test: such a "failure or inability . . . shall not preclude the admission in evidence of the test taken at the direction of an enforcement officer unless the additional test was prevented or denied by the enforcement officer." *Id.* § 1203a(a). There has been no state interference here with defendant's statutory right, and therefore suppression is unwarranted. We find no merit to defendant's contention that an independent hospital's refusal to draw a DUI suspect's blood at the suspect's request is akin to having an additional test prevented or denied by a law enforcement officer, especially given the clear allocation of financial responsibility laid out in 23 V.S.A. § 1203a. Compare *State v. Copeland,* 391 A.2d 836, 837-38 (Me. 1978) (no statutory or constitutional violation where hospital refused to administer blood test after defendant refused to sign liability release), *superseded by statute as stated in State v. Pineau,* 491 A.2d 1165, 1169 n.6 (Me. 1985), with *State v. Vandervoort,* 449 S.E.2d 617, 618 (Ga. Ct. App. 1994) (statutory violation found where hospital refused to administer blood test due to arresting officer's refusal to authorize

such testing in compliance with hospital policy). Thus, although there may have been a breakdown in the DUI system as envisioned by the Legislature, we cannot conclude that this system breakdown must lead to suppression of the breath test result.

¶ 8. Concerning defendant's contention that Vermont's Public Defender Statute, 13 V.S.A. §§ 5201-5277, also provides a right to an independent blood test at the state's expense, we note that defendant did not raise this issue in his motion to dismiss to the trial court, and therefore the issue is not preserved for our review. *Gus' Catering, Inc. v. Menusoft Sys.,* 171 Vt. 556, 559, 762 A.2d 804, 808 (2000) (mem.). In any event, in this specific case, the Legislature has specified the defender general's responsibility in the DUI statute — that is, to reimburse a facility that draws the sample where payment cannot be obtained from the vehicle operator. Even if the public defender statute applies in this instance, the specific DUI statute must control. See *Stevenson v. Capital Fire Mut. Aid Sys., Inc.,* 163 Vt. 623, 625, 661 A.2d 86, 88 (1995) (mem.) ("In construing conflicting statutes that deal with the same subject matter, the more specific provision controls over the more general one.").

¶ 9. We also find no merit to defendant's contention that an indigent DUI suspect is constitutionally entitled to have the state pay for an independent test. Defendant cites to several state cases holding that a DUI suspect has a due process right to an independent test, arguing that this right was violated in the case before us. See *MacLeod v. State,* 28 P.3d 943, 944 (Alaska Ct. App. 2001); *Mack v. Cruikshank,* 2 P.3d 100, 105 (Ariz. Ct. App. 1999); *State v. Minkoff,* 42 P.3d 223, 224 (Mont. 2002). This right generally derives from the right of an accused to attempt to obtain exculpatory evidence, the state's duty to preserve such evidence, and the evanescent nature of blood alcohol evidence. See, e.g., *Snyder v. State,* 930

P.2d 1274, 1277 (Alaska 1996).

¶ 10. Most courts have held, however, that the due process right to an independent test protects only against interference by the state; it does not impose upon the state an affirmative duty to assist a suspect in obtaining an independent test. See *In re Martin*, 374 P.2d 801, 803 (Cal. 1962) (en banc); *Commonwealth v. O'Brien*, 750 N.E.2d 1000, 1003-04 (Mass. 2001); *Minkoff*, 42 P.3d at 224; *Chase v. Commonwealth*, 555 S.E.2d 422, 424-25 (Va. Ct. App. 2001); see also Annotation, *Drunk Driving: Motorist's Right to Private Sobriety Test*, 45 A.L.R.4th 11, 27 (1986) (collecting cases); see generally *State v. Patton*, 930 P.2d 635, 638-39 (Mont. 1996) (stating "well-settled" rule that police officer has no duty to take initiative or assist accused in obtaining exculpatory evidence). We are aware of no court, nor has defendant cited to any, that has gone so far as to require the state to pay for such a test absent a specific statutory provision requiring the state to do so. To the contrary, several courts have articulated the due process right specifically as a right to obtain an independent test at the suspect's own expense. See, e.g., *Bilbrey v. State*, 531 So. 2d 27, 29 (Ala. Crim. App. 1987); *Cruikshank*, 2 P.3d at 105; *State v. Choate*, 667 S.W.2d 111, 112 (Tenn. Crim. App. 1983).

¶ 11. Furthermore, the facts do not demonstrate that the State violated such a right, if it existed. Pursuant to the statute, the defender general was apparently prepared to pay for the test. Even under defendant's theory, we could not conclude that the State is required to force any facility defendant might select to draw the blood sample and bill the State.

¶ 12. We thus conclude that the State here has done all that it is statutorily and constitutionally required to do, and that defendant's motion to dismiss and suppress was correctly denied.

*Affirmed.*