2010 VT 54

## State of Vermont v. Jonathan Webb

[998 A.2d 709]

Nos. 09-280 & 09-281

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed June 18, 2010

*Heather J. Brochu*, Franklin County Deputy State's Attorney, St. Albans, for Plaintiff-Appellee.

*William V. Cristman, Jr.*, of *Law Offices of Nicholas L. Hadden*, St. Albans, for Defendant-Appellant.

¶ 1. **Reiber, C.J.** In these parallel criminal and civil suspension proceedings, defendant is charged with driving under the influence (DUI) and driving with a suspended license. He appeals from a district court order denying his motion to suppress an evidentiary breath test. He contends that the court erred in: (1) holding that the police did not improperly interfere with his right to an independent blood test; and (2) denying him the opportunity to challenge the validity of the traffic stop. We affirm the trial court's ruling that the police did not improperly interfere with defendant's right to an independent blood test, but we reverse and remand to provide defendant an opportunity to challenge the validity of the traffic stop.

¶ 2. On March 15, 2009, a traffic stop led to defendant's arrest for DUI. Defendant was then transported to a police station in St. Albans for processing. The processing officer testified that defendant was read his implied-consent rights, including the right to

consult with an attorney and to have additional independent tests performed at his expense. See 23 V.S.A. § 1202(d) (setting forth information that must be conveyed to DUI suspect). Defendant spoke with an attorney and provided a breath sample for testing. The test result showed a blood alcohol content of 0.158. The officer then informed defendant that he had discovered an outstanding arrest warrant for defendant's failure to pay a fine and that, as a result, defendant would be lodged rather than released. The officer informed defendant that, since he was going to be detained, the officer could arrange for him to be transported to the hospital for independent testing. Defendant asked the officer several questions about the independent test and finally said "let's do it." The officer then explained that the test was "at your own expense, just so you know," and defendant asked whether it might cost a thousand dollars. The officer responded that he did not know the cost. Defendant then asked whether it might be "a few hundred dollars," and the officer acknowledged that it might be "around two hundred." Defendant asked several more questions about the test and what purpose it served, and the officer then read defendant his statutory right to have arrangements made for the administration of an independent blood test at his own expense, under 23 V.S.A. § 1203a(b), which defendant expressly declined.

¶ 3. A merits hearing was scheduled, and defendant filed a list of the issues to be raised, reciting verbatim most of the issues under 23 V.S.A. § 1205(h)(1) that may be raised at a civil suspension hearing. Defendant subsequently filed a motion to suppress, asserting that the officer's "incomplete and inaccurate information" concerning the cost of the independent blood test had improperly interfered with his right to independent testing. At the June 2009 hearing, defendant attempted to cross-examine the investigating officer about the reason for the stop. The State objected, observing that defendant had not previously raised the validity of the stop as an issue. See *id.* § 1205(h)(2) ("Only evidence that is relevant to an issue listed by the defendant may be raised by the defendant at the final hearing."). The court agreed and sustained the objection. Following the hearing, the court issued a written decision, finding that the officer "did everything he was required to do under the law with respect to Defendant's right to an additional evidentiary test." The court concluded that there was "no evidence that [the officer] prevented

or dissuaded Defendant from obtaining an additional independent test." Accordingly, the court denied the motion to suppress as well as a subsequent motion to reconsider. Defendant entered a conditional plea of guilty to DUI, second offense, and driving with a suspended license. This appeal followed.

I.

¶ 4. Defendant contends that the processing officer provided him with "incomplete and inaccurate" information concerning the cost of an independent blood test which improperly discouraged him from exercising his rights. We disagree. The record supports the trial court's conclusion that defendant was neither misled nor improperly deterred. Although defendant initially appeared to request independent testing, stating "let's do it," the officer correctly informed defendant that it would be at his own expense, and defendant then initiated a series of questions about its cost and utility. The officer first indicated that he did not know the cost. Defendant asked whether it might cost a thousand dollars and subsequently guessed that it might be "a few hundred," and the officer agreed that it might be "around two hundred." Defendant then asked several additional questions about the use of the independent test, said something to the effect of "prolong[ing] . . . the inevitable," was read his right to have the police arrange for an independent test at his own expense, and finally declined the opportunity to be tested.

¶ 5. Defendant cites no authority for the proposition that the officer was barred from accurately reminding defendant that the test was at his own expense or from attempting to respond to defendant's questions. Nor has defendant demonstrated that the officer's responses were, in fact, inaccurate; defendant adduced no evidence showing the actual cost of an independent blood test or proving that the $200 figure was inaccurate or misleading. Nor has defendant established that he was improperly deterred from exercising his rights. The officer did not, for example, suggest that defendant would be compelled to pay for the test at the time of its administration, and defendant acknowledged at the hearing that he was never told that he would be required to pay for the test that night. We thus find no basis to infer that defendant was prevented or improperly discouraged from exercising his rights. The cases cited by defendant, in contrast, involve either clear

violations of the statutory obligation to inform detained defendants of their right to have arrangements made for independent testing, *State v. Karmen*, 150 Vt. 547, 549, 554 A.2d 670, 671 (1988); *State v. Normandy*, 143 Vt. 383, 387, 465 A.2d 1358, 1360 (1983), efforts to discourage independent testing by suggesting that an independent blood test would yield a higher blood alcohol content than that achieved with a breath test, *MacLeod v. State*, 28 P.3d 943, 944-45 (Alaska Ct. App. 2001); *State v. Minkoff*, 2002 MT 29, ¶ 16, 42 P.3d 223, or outright refusals to provide independent testing, *Snyder v. State*, 930 P.2d 1274, 1277-78 (Alaska 1996); *In re Martin*, 374 P.2d 801, 803 (Cal. 1962). None of these circumstances were present here. Accordingly, we find no merit to defendant's claim and no basis to disturb the judgment.

## II.

■ ¶ 6. Defendant next contends that he gave adequate notice of contesting the validity of the underlying stop and that the trial court therefore should have allowed him to address this issue at the hearing. We agree. The test of adequate notice generally turns on whether the other parties were afforded "an adequate opportunity to prepare and respond to the issues [to be] raised in the proceeding." *In re Twenty-Four Vt. Utils.*, 159 Vt. 363, 369, 618 A.2d 1309, 1312-13 (1992) (quotation omitted). Here, defendant's notice was adequate.

■ ¶ 7. Defendant's "list" of issues to be raised included nearly all of the issues enumerated under 23 V.S.A. § 1205(h)(1), including "whether the law enforcement officer had reasonable grounds to believe the person was operating, attempting to operate or in actual physical control of a vehicle in violation of section 1201." *Id.* § 1205(h)(1)(A). We have interpreted this provision as allowing defendants to raise the question of whether there was a reasonable basis for the stop in a civil suspension hearing. *State v. Lussier*, 171 Vt. 19, 23, 757 A.2d 1017, 1020 (2000) ("[W]e conclude that, in permitting defendants in a civil suspension proceeding to dispute whether the processing officer had reasonable grounds to believe that the motorist was driving while intoxicated, the Legislature assumed that a constitutional stop would be a necessary predicate to finding 'reasonable grounds' for suspicion of DUI."). In *Lussier*, we interpreted § 1205(h)(1)(A) as incorporating the question of whether the initial stop was valid because such an

interpretation was necessary to avoid "stripping defendants in [civil suspension] proceedings of their constitutionally protected right to be free from unreasonable stops." *Id.*

¶ 8. In light of *Lussier*, defendant's citing of § 1205(h)(1)(A) in his list of issues to be raised at the hearing necessarily gave notice to the prosecutor that defendant was preserving his right to question the validity of the underlying stop. In short, after *Lussier*, § 1205(h)(1)(A) included as a matter of law the issue of the validity of the underlying stop, and the prosecutor was legally on notice that this was the case. For these reasons, we hold that the trial court erred in preventing defendant from raising the validity of the underlying stop at the hearing.[*]

*Reversed and remanded for a hearing on the validity of the underlying stop.*

---

[*] We note also that to hold otherwise could deprive defendant of important constitutional rights without a knowing, intelligent waiver of those rights. Cf., e.g., *State v. Cleary*, 2003 VT 9, ¶ 15, 175 Vt. 142, 824 A.2d 509 (requiring that waivers of important constitutional rights be knowing and intelligent to ensure that such waivers are made voluntarily).