2013 VT 3

## State of Vermont v. Damon L. Dubuque

[67 A.3d 238]

No. 12-131

Present: **Reiber, C.J., Dooley, Skoglund, Burgess and Robinson, JJ.**

Opinion Filed January 18, 2013

*Thomas J. Donovan, Jr.,* Chittenden County State's Attorney, *Andrew R. Strauss,* Deputy State's Attorney and *Evan Barquist,* Law Clerk, Burlington, for Plaintiff-Appellee.

*William R. Norful* of *Norful Law Office,* Winooski, for Defendant-Appellant.

¶ 1. **Dooley, J.** Defendant Damon Dubuque was convicted of a violation of 23 V.S.A. § 1201(b) (refusing a reasonable request for an evidentiary test after being convicted of DUI). He appeals the denial of a motion to suppress evidence of his refusal to give a blood sample, arguing that he should have been offered a breath test because breath-testing equipment was present in a number of police stations that defendant and the arresting officer passed in a car after defendant's discharge from the hospital to which he had been taken after an accident. We hold that the breath-testing equipment was not reasonably available and affirm.

¶ 2. At approximately 8:00 a.m. on July 26, 2011, an Essex police officer was dispatched to a single-car rollover accident on Interstate 289 in Essex. The automobile was operated by defendant, Damon Dubuque. After speaking with defendant, the officer arrested him on suspicion of driving under the influence and accompanied him in an ambulance to the hospital. Around 9:30 a.m., prior to defendant having x-rays taken, the officer asked medical personnel how long it would take for them to complete defendant's evaluation and treatment. He was told that the necessary amount of time was unknown. After receiving that response, at 9:45 a.m. — approximately one hour and forty-five minutes after the accident — the officer began processing defendant for the offense of driving under the influence. He asked

defendant to provide a blood sample, and defendant refused, stating that he would give only a breath sample. After defendant was released from the hospital, the officer transported him to Act One, a residential and detoxification facility. The facility refused to admit him. The officer then took him to a detox facility at the Chittenden Regional Correctional Center. At no point did defendant give either a blood or breath sample, nor did the officer ask defendant to take a test after leaving the hospital. On August 15, 2011, defendant was arraigned on charges of "DUI #3 or Subsequent — Test Refusal" and one other charge, which was subsequently dropped.

■ ¶ 3. Defendant moved to suppress evidence of the refusal to give a blood sample, and a hearing was held. The sole issue at the hearing on the motion to suppress was whether breath-testing equipment was reasonably available when the officer processed defendant, given the unknown amount of time that defendant could be expected to remain in the hospital.[1] Vermont law favors breath tests over blood tests. Thus, 23 V.S.A. § 1202(a)(1) provides that an operator of a vehicle on a highway is deemed to have given consent to a breath test. However, § 1202(a)(2) provides in pertinent part: "If breath testing equipment is not reasonably available or if the officer has reason to believe that the person is unable to give a sufficient sample of breath for testing . . . the person is deemed to have given consent to the taking of an evidentiary sample of blood." Consequently, in those circumstances, a refusal to give a blood sample constitutes refusal to take a test under 23 V.S.A. § 1201(b). That section states that an operator who has previously been convicted of DUI and who refuses a "reasonable request" to submit to an evidentiary test commits a crime. See also *id.* § 1210 (setting forth the penalties for a violation of 23 V.S.A. § 1201).

¶ 4. Defendant contended during the hearing that the breath-testing equipment was reasonably available because the car that transported defendant from the hospital to Act One and then from Act One to the detox facility at the Chittenden Regional Correctional Center passed by a number of locations with available breath-testing machines. Defendant's counsel focused particularly

---

[1] For purposes of this issue, it is undisputed that there was no breath-testing equipment available at the hospital. In order for the officer to have administered a breath test he would have had to take defendant to another facility.

on the fact that the car twice passed within a quarter mile of the Burlington Police Station, which has a breath-testing machine.

¶ 5. The State acknowledged that after defendant was discharged from the hospital the officer could have taken him to a facility with a breath-testing machine. It argued, however, that the test had to be administered within a reasonable time after the accident and the officer had no way of knowing when he could leave the hospital with defendant to drive to a breath-testing machine. The State maintained that the officer should not be asked to "substitute his judgment for that of trained medical personal in trying to determine . . . or guess how long someone's going to be needed for treatment." Therefore, the State contended, at the time the request was made for a blood test, equipment for a breath test was not reasonably available.

¶ 6. The trial court denied the motion to suppress.[2] It concluded that it was "not unreasonable for the officer to rely on the comments of hospital personnel for an estimate of when [d]efendant might be released . . . . Since [d]efendant could not travel to a testing site until he was released from the hospital, no breath-testing equipment was reasonably available under the circumstances."

¶ 7. After the ruling on suppression, defendant entered a conditional plea, reserving the right to appeal the denial of the suppression motion.

¶ 8. On appeal, both parties renew their arguments from below. In reviewing a motion to suppress, we will defer to the trial court's findings of fact unless they are clearly erroneous. *State v. Simoneau*, 2003 VT 83, ¶ 14, 176 Vt. 15, 833 A.2d 1280. We review the court's legal conclusions de novo. *State v. Pitts*, 2009 VT 51, ¶ 6, 186 Vt. 71, 978 A.2d 14.

¶ 9. In evaluating whether breath-testing equipment was reasonably available, we must bear in mind the time-sensitive nature of blood-alcohol evidence. As time goes by, the blood alcohol content (BAC) declines. We have termed this the "evanescent nature" of blood alcohol evidence. See *State v. Benoir*, 174 Vt. 632, 633, 819 A.2d 699, 702 (2002) (mem.). The Legislature has recognized the necessity that an evidentiary test be timely by

---

[2] The court found that "during transport to Act One, [the] [o]fficer . . . and [d]efendant did not travel past a [breath-testing] instrument," but did not rely on that fact in its decision.

allowing a permissive inference that a test result of .10 or greater "within two hours" of operation shows operation under the influence of alcohol. 23 V.S.A. § 1204(a)(3). Therefore, we find it reasonable for an officer to request a test that can be completed within the two-hour window.

■ ■ ¶ 10. In this case, the time at which the officer began processing and made the request for the test was close to when the permissive-inference window would close — it was approximately one hour and forty-five minutes after the accident occurred. At that point, the officer could not determine when defendant's medical evaluation and treatment would end. It was not reasonable for the officer to prematurely remove defendant from the hospital in order to obtain a breath test.[3] Moreover, there is no evidence that the officer could have reached another location and administered a breath test to defendant within the two-hour window. The statute does not require law enforcement to make every possible effort to take a breath sample before requesting a blood sample; rather, it states that a person is deemed to give consent to a blood test when the breath-testing equipment is not reasonably available. We do not view breath-testing equipment located outside the hospital facility as reasonably available if the operator's medical evaluation and treatment must be interrupted to reach it.

¶ 11. We understand defendant's argument that finding implied consent under 23 V.S.A. § 1202(a)(2) should be an "objective, factual inquiry, not a matter of the officer's subjective belief." *State v. Ratliff*, 169 Vt. 599, 600, 738 A.2d 96, 97 (1999) (mem.).[4] In this case, however, the determination by the officer that breath-testing equipment was not reasonably available, because it was unknown for how much longer defendant was going to need to remain in the hospital, was not based on a subjective determination; rather, it was based on the information received from the medical personnel handling defendant's examination and treat-

---

[3] There is no evidence that defendant, who presumably controlled his own health-care options, sought to terminate his medical treatment in order to drive to a breath-test machine location. His argument is solely based on what he contends that the officer should have done.

[4] That case was based on the second clause in the statute, about a driver's inability to give a sufficient sample of his or her breath for testing, rather than the availability of breath-testing equipment.

ment. Moreover, it was outside of the realm of determinations that we ask our police officers to make.

*Affirmed.*