*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2016-322

FEBRUARY TERM, 2017

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Mark W. Pomerantz | } | DOCKET NO. 18-2-16 Bncs |

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

Defendant appeals the civil suspension of his driver's license, arguing that the superior court erred in denying his motion to suppress the results of the evidentiary breath test relied upon by the State. We affirm.

A Town of Winhall police officer stopped defendant's vehicle late in the evening of January 30, 2016, based on the officer's belief that the operator had violated traffic laws and was driving impaired. Following the stop, the officer observed indicia of intoxication and asked defendant to exit the vehicle to perform field sobriety exercises. When defendant was unable to successfully perform the exercises and then submitted a preliminary breath sample indicating a blood-alcohol content (BAC) of .133%, the officer arrested him for driving under the influence (DUI) and took him to the police station for DUI processing. At the station, defendant agreed to submit an evidentiary breath sample, which revealed a BAC of .133%. After processing was completed, defendant was released to his wife.

Based on the evidentiary test result, the officer issued a notice of suspension of defendant's license. Defendant filed motions to suppress the test result, arguing that the stop was illegal and that the processing officer interfered with his right to have an independent breath test done. Following an evidentiary hearing, the superior court denied the motions, ruling that there was a legal basis for the stop and that the officer did not interfere with defendant's right to an independent test.

On appeal, defendant reasserts only his argument that his breath test result must be suppressed because the processing officer interfered with his right to an independent test. "Resolution of a motion to suppress involves a mixed question of fact and law." See State v. Simoneau, 2003 VT 83, ¶ 14, 176 Vt. 15. Although we must accept the trial court's findings of fact that are not clearly erroneous, whether those facts justify the challenged police conduct is a question of law that we review do novo. Id.

The critical facts are not in dispute. At the Winhall police station, the processing officer went through the implied consent portion of the DUI processing form with defendant. The officer informed defendant of his rights concerning testing and the possible penalties. Specifically, the officer advised defendant that if he submitted to an evidentiary test, he had the right to have additional tests administered at his own expense by someone of his choosing. The officer then provided defendant with a list of facilities in the area where he could have his blood drawn. Defendant exercised his right to speak to a lawyer, after which he consented to providing an evidentiary breath sample. The first sample indicated a BAC of .133%, and defendant declined a second evidentiary test. After defendant provided the breath sample, the officer failed to read from the DUI processing form the option stating: "Since you are being released, if you wish additional tests, to be paid for at your own expense, you will have to make your own arrangements. Do you intend to obtain additional tests?" Because the officer did not read this passage, defendant never affirmatively waived his right to obtain additional testing.

A person subject to DUI processing must be informed at "the time a test is requested" that the person "has the right to have additional tests made by someone of the person's own choosing at the person's own expense" and must be provided with "the location of one or more facilities available for drawing blood." 23 V.S.A. § 1202(d)(4); see also 23 V.S.A. § 1203a(a) ("A person tested has the right at the person's own expense to have someone of the person's own choosing administer a chemical test or tests in addition to any administered at the direction of the law enforcement officer under section 1203 of this title."). "The failure or inability to obtain an additional test or tests by a person shall not preclude the admission in evidence of the test taken at the direction of the enforcement officer unless the additional test was prevented or denied by the enforcement officer." 23 V.S.A. § 1203a(a). When a person is silent after being informed of the right to obtain an independent test, the appropriate method for determining whether that silence constitutes a waiver of the right is to examine "the totality of the surrounding facts and circumstances." Stockwell v. District Court, 143 Vt. 45, 50 (1983).

Here, as is required by statute, the officer informed defendant at the time the test was requested that he had the right to obtain additional tests administered at his own expense by someone of his choosing—and then provided defendant with a list of facilities in the area where he could get his blood drawn. The statute does not require that this information be provided after the evidentiary test has been taken. While being read his rights, defendant gave appropriate responses to the officer and elected to consult with an attorney before providing a breath sample. Cf. State v. Hoffman, 148 Vt. 320, 323 (1987) (finding that defendant's silence upon being informed of his right to independent test was valid waiver of right where evidence indicated "that defendant understood his rights when they were recited to him and that he coherently answered other questions during the processing"). After processing, defendant left the police station with his wife, who had been a passenger in their vehicle when it was stopped. This is not a case in which defendant was being detained or lodged overnight, and thus there was no need for him to be informed of the other post-test options on the DUI processing form stating his right to have police make arrangements for additional testing. Cf. State v. Karmen, 150 Vt. 547, 549 (1988) (citing Normandy as controlling precedent where defendant was being detained in custody following processing and was not informed of his right to have police make arrangements for independent testing); State v. Normandy, 143 Vt. 383, 387 (1983) (finding no valid waiver from defendant's silence because defendant, who was being lodged overnight after processing, was never informed of his right to have police make arrangements for additional testing, and parties

2

stipulated that defendant would have requested independent testing if he had been informed of right). We conclude that, given the totality of the circumstances in this case, defendant waived his right to obtain independent testing at his expense, and thus the superior court did not err in denying his motion to suppress.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice