2003 VT 29

**STATE of Vermont v. Ernest CLARK**

[825 A.2d 803]

No. 02-362

¶ 1. March 27, 2003. The State appeals the trial court's order dismissing charges against defendant at arraignment and during a preliminary civil suspension hearing. The State filed an information and affidavit alleging that defendant had operated a motor vehicle on a public highway while under the influence of alcohol. Although an initial finding of probable cause had been made by the court pursuant to V.R.Cr.P. 5(c), the court entertained defendant's motion, at arraignment, to review that finding and dismiss the criminal and civil cases. Defendant argued that the investigating officer's affidavit showed that he did not have reasonable grounds to stop defendant. The State opposed the motion on the ground that the basis for the stop was irrelevant to the probable cause determination and that the stop issue should be raised and decided in a subsequent hearing. The court withdrew its finding of probable cause and dismissed the information without prejudice. We reverse.

¶ 2. As we held in *State v. Roya*, 169 Vt. 572, 572, 730 A.2d 600, 601 (1999) (mem.), the trial court's review of the information under V.R.Cr.P. 5(c) is limited to whether there is probable cause to believe that an offense has been committed and that defendant committed it. If probable cause is found, then the information is filed and the case commences. If not, the information is dismissed without prejudice. In *Roya* we reversed the trial court's dismissal of a case with prejudice pursuant to Rule 5(c) because the State is entitled to refile an information after a dismissal for lack of probable cause.

¶ 3. Although the dismissal here was without prejudice to refile, it was in error because the trial court went beyond the limited Rule 5(c) review and reached the legitimacy of the stop. Challenges to the constitutionality of the stop are raised by subsequent motion under V.R.Cr.P. 12(b). See V.R.Cr.P. 12(b)(3) (motions to suppress evidence on the ground that it was illegally obtained). Such motions must be filed within twenty-eight days of arraignment. V.R.Cr.P. 12(c). The rule allows for notice and hearing to the State so that it may be prepared to defend the stop. Under the trial court's procedure, the State would have to be prepared to defend the information at arraignment or suffer dismissal. In view of the orderly procedure provided by the Criminal Rules to raise suppression issues, defendant's motion to dismiss for lack of probable cause should have been denied.

¶ 4. The trial court also dismissed the civil suspension on the same grounds. Although a challenge to the stop is a proper issue in a final civil suspension hearing, *State v. Lussier*, 171 Vt. 19, 23, 757 A.2d 1017, 1020 (2000), the scheduled hearing was a preliminary hearing designed to promote discovery related to the issues to be addressed at the final hearing. See V.R.C.P. 80.5(e). The merits of defendant's challenge should not have been decided at that time. In view of the improper dismissal, the statutory time period for completing the civil suspension hearing (forty-two days) shall run from the reinstatement of the civil suspension. See 23 V.S.A. § 1205(h).

*Reversed and remanded.*