2012 VT 75

**STATE of Vermont v. Marilyn BRESLAND**

[57 A.3d 727]

No. 11-318

¶ 1. September 6, 2012. The State appeals a decision of the Windham Superior Court, Criminal Division, finding lack of probable cause with respect to one count in a three-count information. Defendant, Marilyn Bresland, was charged with driving under the influence (DUI), third offense, in violation of 23 V.S.A. § 1201 (a)(2); refusal to take an evidentiary test in violation of 23 V.S.A. § 1201(b); and driving with license suspended (DLS) in violation of 23 V.S.A. § 674(b). The court found probable cause for the first and third count but, without explanation, found no probable cause for the second count.

¶ 2. The affidavits accompanying the information indicate that she was stopped after she was observed swerving beyond the white and yellow road lines and showed numerous signs of intoxication. They indicate that she has twice been convicted of DUI in the past and that she refused to submit to an evidentiary breath test.

¶ 3. The elements of the offense for which defendant was charged in count two are that: (1) she was previously convicted for a violation of 23 V.S.A. § 1201; (2) she was operating, attempting to operate, or in actual physical control of a vehicle on a highway; (3) she refused a law enforcement officer's reasonable request under the circumstances for an evidentiary test; and (4) the officer had reasonable grounds to believe the person was in violation of § 1201(a). The officer's affidavit provided a factual basis on each of the elements.

¶ 4. The standard for a determination of probable cause is whether there is probable cause to believe that an offense has been committed and that the defendant has committed it. V.R.Cr.P. 5(c). The State speculates that the court found lack of probable cause because it believes that the two prior convictions used to enhance the DUI charge in count one cannot also be used as the prior conviction to meet the first element of count two. Defendant argues that we cannot speculate on the grounds for the trial court's action, and, if the ground was as the State speculates, the trial court's action was correct.

¶ 5. In *State v. Clark*, 2003 VT 29, 175 Vt. 506, 825 A.2d 803 (mem.), we held that the trial court erred in dismissing a DUI case on probable cause review where the basis was that the officer did not have reasonable grounds to stop defendant. In reaching this decision, we relied both on the limited function of the probable cause determination and the fact that challenges to the stop could be raised by subsequent motion under V.R.Cr.P. 12(b). *Id.* ¶ 3. If raised by motion, we noted, the State would have notice of the issue and a hearing to defend its position. The State had no notice of the issue at arraignment and no real opportunity to defend.

¶ 6. The same deficiency as found in *Clark* is present here, exacerbated by the lack of an explanation for the trial court's action. We find no ground under current law to conclude that the State lacked probable cause on the second count. It may be that such a ground can be developed, but the procedure for doing so cannot be that the trial judge raises the ground sua sponte at arraignment, and then, without opportunity for argument and without explanation, the court dismisses the charge. As we said in *Clark*, the proper procedure is for the judge to find probable cause and to allow the issue to be raised by motion under Rule 12(b). Of course, if the objection goes to whether a crime was committed or defendant committed it and the law is settled that an element of the crime was not met, the court can find no probable cause at arraignment. That was not the circumstance here.

*Reversed and remanded.*