VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      26-AP-007

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JUNE TERM,   2026

Johnathan Billewicz* v. William Humphries et al.   }   APPEALED FROM:
                                                    }
                                                    }   Superior Court, Rutland Unit, Civil Division
                                                    }   CASE NO. 24-CV-04685
                                                    Trial Judge: Susan A. McManus

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the trial court's decision granting summary judgment to defendants. We affirm.

In November 2024, plaintiff filed a complaint against the Town of Fair Haven, its town manager, the chief of police, and a Fair Haven police officer. Plaintiff asserted claims of false arrest, violation of his right to free speech under the First Amendment and Chapter 1, Article 13 of the Vermont Constitution, malicious prosecution, and "negligent employment/retention/supervision" of law enforcement officers. Defendants moved for summary judgment. In response, plaintiff withdrew his constitutional and false-arrest claims, but opposed summary judgment on the malicious prosecution and negligence claims.

The following facts were undisputed for purposes of summary judgment. In August 2024, plaintiff and his mother visited the town office and spoke with the town manager regarding public-information requests they had made. The town manager told plaintiff that responsive information had been prepared but refused to give plaintiff the information until he paid the costs associated with preparing it. Shortly after this interaction, the town manager heard someone screaming obscenities in the park across the street from his office. He went outside and saw plaintiff, who began screaming at him. Plaintiff told the town manager to "fuck off," called him a "little bitch and a dick," and asked him "what the fuck [the town manager] was going to do about it." The town manager stated in an affidavit that plaintiff took three steps toward him, then stepped back to the curb; plaintiff denied that he moved toward the town manager. Without speaking to plaintiff, the town manager returned to his office, where an elderly resident was inside. She waited in the office until the yelling abated. A different town employee reported to the police chief that plaintiff was yelling and screaming and heading toward the town hall. The town manager also notified the police about the incident. Plaintiff denied yelling and screaming and stated that he was simply talking to his mother.

The police chief contacted the State's attorney and, based on the advice he received, determined that plaintiff could be charged for disorderly conduct. Two weeks later, a different police officer served plaintiff at his home with a citation for disorderly conduct. The officer did not restrain plaintiff or take him into custody.

The State subsequently filed an information charging plaintiff with engaging in disorderly conduct by using abusive or obscene language in a public place, in violation of 13 V.S.A. § 1026(a)(3). The criminal division found probable cause for the charge. Plaintiff moved to dismiss the information for lack of probable cause, arguing primarily that he did not say anything obscene. The State then amended the information to instead charge plaintiff with disorderly conduct by engaging in "fighting or in violent, tumultuous or threatening behavior," in violation of § 1026(a)(1). The court concluded that the amended information rendered plaintiff's motion to dismiss moot; however, it determined that there was no probable cause for the amended charge because there was an insufficient physical component to defendant's actions. The criminal proceeding was then dismissed.

The civil division concluded that defendants were entitled to summary judgment on plaintiff's remaining claims because it was undisputed that the criminal division found probable cause for the original disorderly conduct charge. Thus, the court reasoned, plaintiff failed to demonstrate that he was prosecuted without probable cause, as required to prove malicious prosecution, or that the police officers engaged in wrongful conduct, as required to support a negligent supervision claim. This appeal followed.

In this Court, plaintiff argues solely that the civil division erred in granting summary judgment to defendants on his malicious prosecution claim; he does not challenge the court's ruling on his other claims. We review a decision granting summary judgment de novo. Progressive N. Ins. Co. v. Muller, 2020 VT 76, ¶ 9, 213 Vt. 145. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a).

"To recover for malicious prosecution the claimant must establish that the person against whom the claim is asserted instituted the proceeding against him (1) without probable cause, (2) with malice, and that (3) the proceeding terminated in claimant's favor." Anello v. Vinci, 142 Vt. 583, 586-87 (1983). "The tort of malicious prosecution is not favored, and we are reluctant to use it to chill legitimate law enforcement activities." Cook v. Nelson, 167 Vt. 505, 511 (1998) (citations omitted).

It is undisputed that the criminal division found probable cause for the original charge that plaintiff engaged in disorderly conduct by using abusive or obscene language in a public place. See 13 V.S.A. § 1026(a)(3) ("A person is guilty of disorderly conduct if the person, with intent to cause public inconvenience or annoyance . . . in a public place, uses abusive or obscene language . . . ."). "The mere fact that a criminal tribunal found probable cause normally provides a presumption that probable cause existed in the context of a subsequent wrongful prosecution claim." Lay v. Pettengill, 2011 VT 127, ¶ 22, 191 Vt. 141. "This presumption of probable cause is rebuttable only if a plaintiff can demonstrate that the earlier finding of probable cause was based on misleading, fabricated, or otherwise improper evidence." Id.

Plaintiff did not show that the initial finding of probable cause in this case was based on misleading, false, or improper evidence. He disputed certain aspects of the town manager's report to police, but he did not show that police fabricated that description or otherwise acted improperly in bringing the original charge. He therefore failed to rebut the presumption that

2

probable cause existed for that charge. See State v. Giard, 2005 VT 43, ¶ 8, 178 Vt. 544 (mem.) ("A civil presumption places the burden of going forward with the evidence on the party against whom it operates."). "Because lack of probable cause is an element of a malicious prosecution claim, the existence of probable cause is a complete defense to a claim of malicious prosecution." Stansbury v. Wertman, 721 F.3d 84, 94-95 (2d Cir. 2013).

Plaintiff argues that he moved to dismiss the original charge on the basis that his speech was not obscene and could not support probable cause for the offense. He appears to suggest that the fact that he filed a motion to dismiss was sufficient to rebut the presumption that probable cause existed. Plaintiff provides no authority to support this proposition. Even if the judicial determination of probable cause could be rebutted in this fashion, plaintiff was charged with disorderly conduct through obscene or abusive language. He does not argue on appeal that the factual allegations in the charging affidavit were insufficient to support a finding of probable cause that he engaged in disorderly conduct through abusive language. See State v. Allcock, 2004 VT 52, ¶ 8, 177 Vt. 467 (holding vulgar and offensive insults and conduct directed at individual that alarmed others were sufficient to support disorderly conduct conviction); State v. Bresland, 2012 VT 75, ¶ 4, 192 Vt. 644 (mem.) ("The standard for a determination of probable cause is whether there is probable cause to believe that an offense has been committed and that the defendant has committed it.").

Plaintiff argues, however, that the criminal division found there was no probable cause for the amended charge, and that the decision to bring the amended charge supports his malicious prosecution claim. However, plaintiff failed to demonstrate that any of the defendants in this case were involved in the State's decision to amend the charge. Plaintiff claims that, but for the police officers' decision to cite him in the first place, the amended information never would have been filed. The trouble with plaintiff's argument is that the initial citation was found to be supported by probable cause; the police officers' decision therefore cannot support a malicious prosecution claim. Lay, 2011 VT 127, ¶ 22. The State's subsequent and apparently independent decision to amend the information to charge a crime for which there was no probable cause cannot be attributed to defendants, absent some evidence that they were directly involved in that decision. See Ryan v. Orient Ins. Co., 96 Vt. 291, 298 (1923) ("To sustain [a malicious prosecution] action it must affirmatively appear as a part of the case of the party demanding damages that the party sought to be charged was the proximate and efficient cause of maliciously putting the law in motion." (quotation omitted)). The amended information therefore does not support plaintiff's malicious prosecution claim against these defendants.

Plaintiff argues that his claim is supported by the U.S. Supreme Court's decision in Chiaverini v. City of Napoleon, which held that the presence of probable cause for one charge in a criminal proceeding does not automatically defeat a Fourth Amendment malicious prosecution claim based on another, baseless charge. 602 U.S. 556, 564 (2024); see also Barron v. Mason, 31 Vt. 189, 198 (1858) ("Nor is it any defen[s]e that there was probable cause for part of the prosecution."). However, those cases involved multiple charges filed at the same time by the same officials. This case is different because the State's action in amending the information to a charge that proved to be invalid cannot be attributed to defendants on the record before us. Likewise, our decision in Long v. L'Esperance is unhelpful to plaintiff because the defendant state trooper in that case made a warrantless arrest and then cited the plaintiff for disorderly conduct; in other words, the trooper was unquestionably the proximate cause of the charge that was later dismissed. 166 Vt. 566, 569-70 (1997).

Plaintiff further claims that the civil division erred in stating in its decision that a police officer confronted him when he was yelling and that his conduct might have made members of the public fearful, because these facts are not supported by the record.  Because we review the record de novo, we do not rely on the court's factual recitation.  Moreover, these facts were not material to the trial court's decision, which was based on the undisputed probable-cause determination by the criminal division.  Any error in the court's factual recitation therefore does not require reversal.  See V.R.C.P. 61 (stating harmless-error standard and instructing court to disregard any error or defect in proceeding that does not affect "substantial rights of the parties"); cf. Guibord v. Scholtz, 2006 VT 22, ¶ 10, 179 Vt. 623 (mem.) ("We will not reverse the court's decision based on an erroneous finding if it was not essential to the decision.").

    Affirmed.

BY THE COURT:

_____
Nancy J. Waples, Associate Justice

_____
Christina E. Nolan, Associate Justice

_____
Michael P. Drescher, Associate Justice